# B. F. FELTON v. MIDLAND CONTINENTAL RAILROAD, a Railway Corporation.

## (155 N. W. 23.)

**Contributory negligence — evidence — open to different conclusions — question of fact for jury.**

1. When the evidence in regard to contributory negligence is such that different minds may reasonably draw different conclusions, either as to the facts or the conclusions to be drawn from the facts, the question of contributory negligence is one of fact to be determined by the jury.

**Evidence — conflicting — proximate cause — conclusions — jury — question for.**

2. Where the evidence is conflicting, or the proximate cause of an injury depends upon a state of facts from which different minds might reasonably draw different inferences, the question of proximate cause is one of fact for the jury.

**Defense not raised on trial — supreme court — will not consider — general rule.**

3. As a general rule, a defense not raised in the trial court will not be considered by the appellate court.

**Testimony — witness — former trial — admissible in later trial — same issue — same parties — nonresident — without court's jurisdiction.**

4. The testimony given by a witness on a former trial, and which has been taken down in full by the official court stenographer, is admissible in evidence upon another trial of the same issues between the same parties in a case wherein it is shown that the witness is a nonresident, and not within the jurisdiction of the court.

Opinion filed October 30, 1915. Rehearing denied November 30, 1915.

Appeal from a judgment of the District Court of Stutsman County, *Coffey,* J. Defendant appeals.

Affirmed.

*Buck & Jorgenson,* for appellant.

---

Note.—The statement of the court in this case, that the courts differ as to the conditions upon which the testimony of a witness given on a former trial between the parties may be admitted in evidence, is borne out by the authorities, as shown by a full review thereof in a note in L.R.A.1916A, 990.

As to contributory negligence of driver of automobile at railroad crossing, see note in 46 L.R.A.(N.S.) 702.

In actions based upon the negligence or omission of a statutory duty by a railroad company in regard to its road, a recovery, as in other cases, may be denied on account of contributory negligence. Reynolds v. Missouri, K. & T. R. Co. 70 Kan. 340, 78 Pac. 801, 17 Am. Neg. Rep. 228; Ward v. Paducah & M. R. Co. 4 Fed. 862; Marshall & E. T. R. Co. v. Petty, — Tex. Civ. App. —, 134 S. W. 406; Atchison, T. & S. F. R. Co. v. Jones, 110 Ill. App. 626; Millhouse v. Chicago, St. L. & P. R. Co. 7 Ohio C. C. 466, 4 Ohio C. D. 682; Gulf, C. & S. F. R. Co. v. Simonton, 2 Tex. Civ. App. 558, 22 S. W. 285; Sherman v. Chicago, R. I. & P. R. Co. 93 Ark. 24, 123 S. W. 1182; Hearne v. Southern P. R. Co. 50 Cal. 482; Southern R. Co. v. Jay, 137 Ga. 60, 72 S. E. 503; Ferrier v. Chicago R. Co. 185 Ill. App. 326; Chicago & A. R. Co. v. Barnett, 56 Ill. App. 384; Baltimore & O. S. W. R. Co. v. Ayers, 119 Ill. App. 108; Chicago, P. & St. L. R. Co. v. Zetsche, 135 Ill. App. 622; Wabash R. Co. v. Tippecanoe Loan & T. Co. 178 Ind. 113, 38 L.R.A.(N.S.) 1167, 98 N. E. 64; Payne v. Chicago & N. W. R. Co. 108 Iowa, 188, 78 N. W. 813; Dieckmann v. Chicago & N. W. R. Co. 145 Iowa, 250, 31 L.R.A.(N.S.) 338, 139 Am. St. Rep. 420, 121 N. W. 676; Chicago R. Co. v. Bartley, — Kan. —, 53 Pac. 66; Tatum v. Rock Island, A. & L. R. Co. 124 La. 924, 50 So. 796; Illinois C. R. Co. v. Sumrall, 96 Miss. 860, 51 So. 545; Gumm v. Kansas City Belt R. Co. 141 Mo. App. 306, 125 S. W. 796; Crabtree v. Missouri P. R. Co. 86 Neb. 33, 136 Am. St. Rep. 663, 124 N. W. 932; Hoopes v. West Jersey & S. R. Co. 65 N. J. L. 89, 47 Atl. 27, 8 Am. Neg. Rep. 274; Runyon v. Central R. Co. 25 N. J. L. 556; Koehler v. Rochester & L. O. R. Co. 66 Hun, 566, 21 N. Y. Supp. 844; Spencer v. New York C. & H. R. R. Co. 123 App. Div. 789, 108 N. Y. Supp. 245; Legg v. Erie R. Co. 141 App. Div. 876, 126 N. Y. Supp. 451, 124 N. Y. Supp. 8; Coleman v. Atlantic Coast Line R. Co. 153 N. C. 322, 69 S. E. 251; Gosa v. Southern R. Co. 67 S. C. 347, 45 S. E. 810; Galveston, H. & S. A. R. Co. v. Matula, 79 Tex. 577, 15 S. W. 573, 19 S. W. 376; International & G. N. R. Co. v. Dyer, 76 Tex. 156, 13 S. W. 377; Galveston, H. & S. A. R. Co. v. Polk, — Tex. Civ. App. —, 63 S. W. 343; Gulf, C. & S. F. R. Co. v. Shieder, — Tex. Civ. App. —, 26 S. W. 509; Bassford v. Pittsburgh, C. C. & St. L. R. Co. 70 W. Va. 280, 73 S. E. 926; McCann v. Chicago, M. & St. P. R. Co. 44 C. C. A. 566, 105 Fed. 480, 9 Am. Neg. Rep. 417; Royle v.

Canadian Northern R. Co. 14 Manitoba L. Rep. 275; Atkinson v. Grand Trunk R. Co. 17 Ont. Rep. 220.

In such cases it is the duty of one to exercise ordinary care in protecting his property; and the amount of care is proportionate to the degree of danger. Cottle v. New York, N. H. & H. R. Co. 82 Conn. 142, 72 Atl. 727; Elliott v. New York, N. H. & H. R. Co. 84 Conn. 444, 80 Atl. 283; Reed v. Queen Anne's R. Co. 4 Penn. (Del.) 413, 57 Atl. 529; Louisville, N. A. & C. R. Co. v. Stommel, 126 Ind. 35, 25 N. E. 863; Cincinnati, H. & I. R. Co. v. Butler, 103 Ind. 31, 2 N. E. 138; Cleveland, C. C. & St. L. R. Co. v. Cyr, 43 Ind. App. 19, 86 N. E. 868; Goodrich v. Burlington, C. R. & N. R. Co. 97 Iowa, 521, 66 N. W. 770; St. Louis & S. F. R. Co. v. Knowles, 6 Kan. App. 790, 51 Pac. 230; Harlan v. St. Louis, K. C. & N. R. Co. 65 Mo. 22; Riley v. Missouri P. R. Co. 69 Neb. 82, 95 N. W. 20; Central R. Co. v. Moore, 24 N. J. L. 824; Weber v. New York C. & H. R. R. Co. 58 N. Y. 451.

But greater care and diligence are required according as the peculiar locality and circumstances of the case seem to call for greater caution. Martin v. Baltimore & P. R. Co. 2 Marv. (Del.) 123, 42 Atl. 442; Wabash, St. L. & P. R. Co. v. Wallace, 110 Ill. 114; Southern R. Co. v. Winchester, 127 Ky. 144, 105 S. W. 167; Morris v. Chicago, M. & St. P. R. Co. 26 Fed. 22.

Approaching a crossing at a speed which renders it difficult if not impossible to avoid an accident, after discovering the danger, is negligence barring a recovery. Wilds v. Hudson River R. Co. 24 N. Y. 430, 23 How. Pr. 492; Morse v. Erie R. Co. 65 Barb. 490; Martin v. New York C. & H. R. R. Co. 21 N. Y. Supp. 919.

Where a person knows or ought to know of dangers at a crossing, and fails to use care and caution, as a prudent person should do under like circumstances, he cannot recover, even though the railroad company was negligent. Haas v. Grand Rapids & I. R. Co. 47 Mich. 401, 11 N. W. 216; Gulf, C. & S. F. R. Co. v. Greenlee, 62 Tex. 344; Duncan v. Missouri P. R. Co. 46 Mo. App. 198; Pakalinsky v. New York C. & H. R. R. Co. 82 N. Y. 424; Metropolitan Trust & Sav. Bank v. Chicago, B. & Q. R. Co. 150 Ill. App. 407; Chicago & E. R. Co. v. Sutherland, 88 Ill. App. 295; Bjork v. Illinois C. R. Co. 85 Ill. App.

269; Baltimore & O. R. Co. v. Stumpf, 97 Md. 78, 54 Atl. 978, 14 Am. Neg. Rep. 57; Louisville & N. R. Co. v. Eckman, 137 Ky. 331, 125 S. W. 729.

Neither is the degree of care required lessened in an emergency, if his perilous position is due to his own negligence. Central of Georgia R. Co. v. Foshee, 125 Ala. 199, 27 So. 1006; Peck v. New York, N. H. & H. R. Co. 50 Conn. 379; Richfield v. Michigan C. R. Co. 110 Mich. 406, 68 N. W. 218; Cincinnati, H. & D. R. Co. v. Murphy, 18 Ohio C. C. 298, 10 Ohio C. D. 195; Chesapeake & O. R. Co. v. Hall, 109 Va. 296, 63 S. E. 1007; Liermann v. Chicago, M. & St. P. R. Co. 82 Wis. 286, 33 Am. St. Rep. 37, 52 N. W. 91; Macon & W. R. Co. v. Winn, 26 Ga. 250; Texarkana & Ft. S. R. Co. v. Bullington, — Ark. —, 47 S. W. 560; Weller v. Chicago, M. & St. P. R. Co. 120 Mo. 635, 23 S. W. 1061, 25 S. W. 532; Martin v. Little Rock & Ft. S. R. Co. 62 Ark. 156, 34 S. W. 545; Chicago, R. I. & P. R. Co. v. Bednorz, 57 Ill. App. 309; Quinn v. Chicago & E. R. Co. 162 Ind. 442, 70 N. E. 526; Louisville & N. R. Co. v. Lucas, 30 Ky. L. Rep. 359, 98 S. W. 308, 30 Ky. L. Rep. 539, 99 S. W. 959; Sosnofski v. Lake Shore & M. S. R. Co. 134 Mich. 72, 95 S. W. 1077; Buckley v. Flint & P. M. R. Co. 119 Mich. 583, 78 N. W. 655; Collins v. New York C. & H. R. R. Co. 92 Hun, 563, 36 N. Y. Supp. 942; Rusterholtz v. New York C. & St. L. R. Co. 191 Pa. 390, 43 Atl. 208; Schmidt v. Philadelphia & R. R. Co. 149 Pa. 357, 24 Atl. 218; Pennsylvania R. Co. v. McTighe, 46 Pa. 316; International & G. N. R. Co. v. Locke, — Tex. Civ. App. —, 67 S. W. 1082; White v. Chicago & N. W. R. Co. 102 Wis. 489, 78 N. W. 585.

If plaintiff knew of another way which was safe, he was bound to take it. McAdory v. Louisville & N. R. Co. 109 Ala. 636, 19 So. 905; Nashville, C. & St. L. R. Co. v. Ragan, 167 Ala. 277, 52 So. 522; Evans v. Charleston & W. C. R. Co. 108 Ga. 270, 33 S. E. 901; Reynolds v. Missouri, K. & T. R. Co. 70 Kan. 340, 78 Pac. 801, 17 Am. Neg. Rep. 228; Artman v. Kansas Cent. R. Co. 22 Kan. 296; Maryland Electric R. Co. v. Beasley, 117 Md. 270, 83 Atl. 157; Slattery v. New York, N. H. & H. R. Co. 203 Mass. 453, 133 Am. St. Rep. 311, 89 N. E. 622; Schonhoff v. Jackson Branch R. Co. 97 Mo. 151, 10 S. W. 618; Harper v. Missouri, K. & T. R. Co. 70 Mo. App. 604; Sonn v. Erie R. Co. 66 N. J. L. 428, 49 Atl. 458, 10 Am. Neg. Rep. 315;

Gramlich v. Railroad Co. 9 Phila. 78; International & G. N. R. Co. v. Lewis, — Tex. Civ. App. —, 63 S. W. 1091, 64 S. W. 1011; Texas & P. R. Co. v. Neill, — Tex. Civ. App. —, 30 S. W. 369; Evans v. Charleston & W. C. R. Co. 108 Ga. 270, 33 S. E. 901; Denver v. Hubbard, 29 Colo. 529, 69 Pac. 508; Weston v. Troy, 139 N. Y. 281, 34 N. E. 780; Guthrie v. Swan, 5 Okla. 779, 51 Pac. 562, 3 Am. Neg. Rep. 460; Gerdes v. Christopher & S. Architectural Iron & Foundry Co. 124 Mo. 347, 25 S. W. 557, 27 S. W. 615; Kornetski v. Detroit, 94 Mich. 341, 53 N. W. 1106; McCool v. Grand Rapids, 58 Mich. 41, 55 Am. Rep. 655, 24 N. W. 631; Cole v. Scranton, 4 Lack. Leg. News, 287; Bowman v. Ogden City, 33 Utah, 196, 93 Pac. 561; Pierce v. Wilmington, 2 Marv. (Del.) 306, 43 Atl. 162; Henderson v. Burke, 19 Ky. L. Rep. 1781, 44 S. W. 422; Columbus v. Griggs, 113 Ga. 597, 84 Am. St. Rep. 257, 38 S. E. 953, 10 Am. Neg. Rep. 28; Moore v. Huntington, 31 W. Va. 842, 8 S. E. 512; Muller v. District of Columbia, 5 Mackey, 286; Harrigan v. Brooklyn, 42 N. Y. S. R. 625, 16 N. Y. Supp. 743; Carswell v. Wilmington, 2 Marv. (Del.) 360, 43 Atl. 169; Roe v. Crimmins, 10 Misc. 711, 31 N. Y. Supp. 807, affirmed in 155 N. Y. 690, 50 N. E. 1122; Buchholtz v. Radcliffe, 129 Iowa, 27, 105 N. W. 336, 19 Am. Neg. Rep. 219; Friday v. Moorhead, 84 Minn. 273, 87 N. W. 780; Marshall v. Belle Plaine, 106 Iowa, 508, 76 N. W. 797; Swanwick v. Monongahela City, 36 Pa. Super. Ct. 628; Idlett v. Atlanta, 123 Ga. 821, 51 S. E. 709; Evans v. Brookville, 5 Pa. Super. Ct. 298; Rusch v. Davenport, 6 Iowa, 443; Griffin v. New York, 9 N. Y. 456, 61 Am. Dec. 700.

Even if a railroad company in the construction or maintenance of its road is guilty of negligence or of the omission of some statutory duty, there can be no recovery unless such negligence or omission was the proximate cause of the injury. Chapin v. Sullivan R. Co. 39 N. H. 53, 75 Am. Dec. 207; Gulf & C. R. Co. v. Sneed, 84 Miss. 252, 36 So. 261; Biggerstaff v. St. Louis R. Co. 60 Mo. 567; Grau v. St. Louis, K. C. & N. R. Co. 54 Mo. 240; St. Louis Southwestern R. Co. v. Johnson, 38 Tex. Civ. App. 322, 85 S. W. 476; Gulf, B. & G. N. R. Co. v. Tucker, 38 Tex. Civ. App. 224, 85 S. W. 461; 29 Cyc. 488, and cases cited in note 29; Missouri, K. & T. R. Co. v. Dobbins, — Tex. Civ. App. —, 40 S. W. 861; 29 Cyc. 490, and

cases cited in note 41; Ward v. Chicago, M. & St. P. R. Co. 102 Wis. 215, 78 N. W. 442; Deisenrieter v. Kraus-Merkel Malting Co. 97 Wis. 279, 72 N. W. 735; Seith v. Commonwealth Electric Co. 241 Ill. 252, 24 L.R.A.(N.S.) 978, 132 Am. St. Rep. 204, 89 N. E. 425; Strobeck v. Bren, 93 Minn. 428, 101 N. W. 795; Mahogany v. Ward, 16 R. I. 479, 27 Am. St. Rep. 753, 17 Atl. 860; Flagg v. Hudson, 142 Mass. 288, 56 Am. Rep. 674, 8 N. E. 42; Cohen v. New York, 113 N. Y. 537, 4 L.R.A. 406, 10 Am. St. Rep. 506, 21 N. E. 700; Jackson v. Bellevieu, 30 Wis. 250; Roberts v. Wisconsin Teleph. Co. 77 Wis. 592, 20 Am. St. Rep. 143, 46 N. W. 800; Bishop v. Belle City Street R. Co. 92 Wis. 143, 65 N. W. 733; Salzer v. Milwaukee, 97 Wis. 471, 73 N. W. 20.

If no danger exists in a condition except because of an independent cause, such condition is not the proximate cause. Frassi v. McDonald, 122 Cal. 400, 55 Pac. 139, 772; Peoria v. Adams, 72 Ill. App. 662; Leavitt v. Bangor & A. R. Co. 89 Me. 509, 36 L.R.A. 382, 36 Atl. 998, 1 Am. Neg. Rep. 605; Carter v. J. H. Lockey Piano Case Co. 177 Mass. 91, 58 N. E. 476; Sccombe v. Detroit Electric R. Co. 133 Mich. 170, 94 N. W. 747; Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095; Trapp v. McClellan, 68 App. Div. 362, 74 N. Y. Supp. 130; Missouri, K. & T. R. Co. v. Dobbins, — Tex. Civ. App. —, 40 S. W. 861; Burton v. Cumberland Teleph. & Teleg. Co. — Ky. —, 118 S. W. 287; Houston & T. C. R. Co. v. Gerald, — Tex. Civ. App. —, 128 S. W. 166, 172; The Santa Rita, 173 Fed. 413, 416; Elliott v. Allegheny County Light Co. 204 Pa. 568, 54 Atl. 278, 13 Am. Neg. Rep. 600; Walters v. Denver Consol. Electric Light Co. 12 Colo. App. 145, 54 Pac. 960, 5 Am. Neg. Rep. 5; Willis v. Armstrong County, 183 Pa. 184, 38 Atl. 621; Smith v. Texas & P. R. Co. 24 Tex. Civ. App. 92, 58 S. W. 151, 8 Am. Neg. Rep. 352; De Maet v. Fidelity Storage, Packing & Moving Co. 231 Mo. 615, 132 S. W. 732; Miehlke v. Nassau Electric R. Co. 129 App. Div. 438, 114 N. Y. Supp. 90; St. Louis Southwestern R. Co. v. Pool, — Tex. Civ. App. —, 135 S. W. 641, 647; Fogg v. Nahant, 98 Mass. 578, 106 Mass. 278; McFarlane v. Sullivan, 99 Wis. 361, 74 N. W. 559, 75 N. W. 71; Mahogany v. Ward, 16 R. I. 479, 27 Am. St. Rep. 753, 17 Atl. 860.

The testimony given by a witness on a former trial, while not hearsay, is clearly substitutionary, and cannot be read upon a later

trial unless it is clearly shown the witness cannot be produced, or his deposition taken. 16 Cyc. 1095, 1096, and cases cited in notes 24 and 25; Sullivan v. State, 6 Tex. App. 319, 342, 32 Am. Rep. 580.

And due diligence must appear. Vandewege v. Peter, 83 Neb. 140, 119 N. W. 226; Authorities cited in 16 Cyc. 1098, note 32.

*S. E. Ellsworth,* for respondent.

"On a demurrer to evidence the court is substituted in place of the jury as judge of the facts, and everything which the jury might reasonably infer from the evidence is to be considered as admitted." Bank of United States v. Smith, 11 Wheat, 171, 6 L. ed. 443; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454.

Where the evidence is in conflict upon material issues, the case is for the jury. Zink v. Lahart, 16 N. D. 56, 110 N. W. 931; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Carr v. Minneapolis, St. P. & Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; Choctaw, O. & W. R. Co. v. Wilker, 16 Okla. 384, 3 L.R.A.(N.S.) 595, 84 Pac. 1086.

Or where the evidence is such that reasonable minds might draw different conclusions. Stone v. Northern P. R. Co. 29 N. D. 480, 151 N. W. 36; Wilson v. Northern P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429.

A railroad company must maintain a safe and convenient crossing, making it, as far as possible, as safe and convenient to the public as it would have been had the railroad not been built. Comp. Laws 1913, §§ 1934, 4621, 4686, 4687; 33 Cyc. 925–927; Raper v. Wilmington & W. R. Co. 126 N. C. 563, 36 S. E. 115; Whitby v. Baltimore, C. & A. R. Co. 96 Md. 700, 54 Atl. 674.

The citizen on the public highway is bound to exercise only ordinary care, and when he is injured by a railroad company, it is no answer to his claim for redress that notwithstanding the omission of their signals, he might, by greater vigilance, have discovered the approach of the train. Dusold v. Chicago G. W. R. Co. 162 Iowa, 441, 142 N. W. 213; Ernst v. Hudson River R. Co. 35 N. Y. 9, 90 Am. Dec. 761; Draper v. Ironton, 42 Wis. 696; Choctaw, O. & W. R. Co. v. Wilker, 16 Okla. 384, 3 L.R.A.(N.S.) 595, 84 Pac. 1087; Lillstrom v. Northern P. R. Co. 53 Minn. 464, 20 L.R.A. 587, 55 N. W. 624, 12 Am. Neg. Cas. 131; Cunningham v. Thief River Falls, 84 Minn. 21, 86

N. W. 763, 10 Am. Neg. Rep. 106; Atchison, T. & S. F. R. Co. v. Henry, 60 Kan. 322, 56 Pac. 486, 5 Am. Neg Rep. 593.

Such questions might be honestly answered differently by different men, and they are for the jury. Gray v. Scott, 66 Pa. 345, 5 Am. Rep. 371; Deering, Neg. §§ 16–24; Beach, Contrib. Neg. 38; Lincoln v. Gillilan, 18 Neb. 114, 24 N. W. 444; Orleans v. Perry, 24 Neb. 831, 40 N. W. 417; Brown v. Brooks, 85 Wis. 290, 21 L.R.A. 255, 55 N. W. 395; Missouri P. R. Co. v. Baier, 37 Neb. 235, 55 N. W. 913; American Waterworks Co. v. Dougherty, 37 Neb. 373, 55 N. W. 1051; Omaha & R. Valley R. Co. v. Brady, 39 Neb. 27, 57 N. W. 767; Guthrie v. Swan, 5 Okla. 779, 51 Pac. 562, 3 Am. Neg. Rep. 460; 4 Am. & Eng. Enc. Law, 34; Beach, Contrib. Neg. pp. 39, 40; Jeffrey v. Keokuk & D. M. R. Co. 56 Iowa, 546, 9 N. W. 884; 2 Thomp. Trials, p. 1172, § 18; Shearm. & Redf. Neg. § 31.

A railway company crossing a public highway is bound to keep the approaches to the crossing in safe condition for the public to travel on. See v. Wabash R. Co. 123 Iowa, 443, 99 N. W. 106; Maltby v. Chicago & W. M. R. Co. 52 Mich. 108, 17 N. W. 717.

Testimony of a witness given at a former trial and reduced to writing by the official stenographer may be read in evidence at a later trial between the same parties and as to the same issues, where such witness is a nonresident and not in the jurisdiction of the court. State v. Moeller, 24 N. D. 165, 138 N. W. 981; Starkie, Ev. p. 310; 1 Greenl. on Evidence, § 163, and note; 1 Phillipps, Ev. 393, and note 114; Minneapolis Mill Co. v. Minneapolis & St. L. R. Co. 51 Minn. 304, 53 N. W. 639; King v. McCarthy, 54 Minn. 190, 55 N. W. 960; Atchison, T. & S. F. R. Co. v. Osborn, 64 Kan. 187, 91 Am. St. Rep. 189, 67 Pac. 547.

CHRISTIANSON, J. This is an action to recover damages for personal injuries, and the injury to plaintiff's automobile, alleged to have been caused by defendant's negligence in failing to construct and maintain a good and sufficient crossing over its line of railway at a point where such line of railway intersected one of the public highways in La Moure county, in this state. The cause was submitted to a jury, which returned a verdict in favor of the plaintiff for $700. Judgment was entered pursuant to such verdict, and this appeal is from the judgment.

Appellant assigns as error the trial court's rulings: (1) In denying

defendant's motion for a directed verdict; (2) in admitting in evidence the testimony given by the witness Fees, upon a former trial of this action. In his argument of these errors, appellant's counsel presents the following three propositions: 1. That the plaintiff was guilty of contributory negligence as a matter of law. 2. That the proximate cause of injury was not the negligence of the defendant in failing to construct and maintain a good and sufficient crossing, but the negligence of the township officials in failing to construct and maintain a roadway at the foot of the easterly approach of the crossing constructed by the defendant. 3. That the court erred in admitting in evidence the testimony given by the witness, Fees, upon the former trial of the action. We will consider these propositions in the order stated.

Plaintiff's cause of action is predicated upon defendant's failure to construct and maintain a good and sufficient crossing over its line of railway at a point where such railway intersected a public highway. Under the laws of this state it is provided: "All railway companies operating a line of railway in this state shall build or cause to be built and kept in repair good and sufficient crossings over such line at all points where any public highway in use is now or may hereafter be intersected by the same." Comp. Laws 1913, § 4686.

"Such crossing shall be constructed as follows:

"1. Of a grade of earth on one or both sides of the railroad track as the location may require, 20 feet in width, the middle point of which shall be as nearly as practicable at the middle point of the highway and such grade shall be of such slope as shall be necessary for the safety and convenience of the traveling public.

"2. Plank shall be firmly spiked on and for the full length of the ties used in the roadbed of such railway where such crossing occurs and shall be laid not more than one inch apart except where the rail prevents; the plank next inside of the rail shall not be more than $2\frac{1}{2}$ inches from the inside surface of such rail and the plank used in the crossing shall not be less than 3 inches in thickness and so laid that the upper surface of the plank shall be on a level with the upper surface of the rail; such plank shall extend along the railway the entire width of the highway grade and in no case less than 20 feet." Comp. Laws 1913, § 4687.

"Every corporation constructing, owning or using a railroad shall

restore every stream of water, watercourse, street, highway, plank road, toll or wagon road, turnpike or canal across, along or upon which such railroad may be constructed to its former state or to such condition as that its usefulness shall not be materially impaired, and thereafter maintain the same in such condition against any effects in any manner produced by such railroad." Comp. Laws 1913, § 4621.

The complaint charged that defendant had failed to comply with the statute in the following particulars: (1) That the grade or approach was not 20 feet in width, but throughout was of a width not exceeding 12 feet; (2) that the slope on either side of the approach to the railroad track was not gradual and convenient, but steep and difficult of ascent; (3) that the grade was not constructed of firm and solid materials that would bear throughout its passage a vehicle in ordinary use, for purposes of travel; (4) that the crossing was so constructed and the grade so steep that persons approaching from the west side were not sufficiently elevated when entering upon the approach to see over the embankment and know whether or not other persons in vehicles were approaching from the other side. The answer sets up two defenses. The first defense is in effect a general denial. The second defense is that the injuries, if any, were caused by plaintiff's contributory negligence.

The crossing in question is between the stations of Millarton and Nortonville, on the line of railway of the defendant railway company. And the evidence shows that at the time of the construction of such line of railway, it intersected at right angles a public highway at the point where such crossing is constructed and the accident occurred. And in order to complete the construction of its line of railway it became necessary for the defendant, at this point, to raise above the level of the public highway an embankment of earth to the height of about 10 feet. The defendant railway company subsequently constructed a crossing at this point, but the witnesses all agreed that this crossing was not 20 feet in width. The various witnesses testified that its width was only about 17 feet up near the track, and, a short distance from the track, converged to a width of about 12 feet, and that the greater portion of the embankment was of the latter width. The witnesses all agreed that it was a steep and difficult crossing. On July 14, 1913, plaintiff, accompanied by his wife, was driving in an automobile, and approached this crossing from the west. He had never been over it before, and did

not know anything about the approach on the east side of the track. It was apparent to plaintiff that the grade was steep and somewhat narrow, and that some work of construction or repair had recently been done upon it. Plaintiff's automobile was an Overland five-passenger car of standard width. On reaching the foot of the approach on the west side of the railroad, he was about 75 or 80 feet distant from the track, but, owing to the height of the embankment and the steepness of the descent, he could not see over the railroad track and down or along the approach on the east side. Just as plaintiff's automobile passed upon the railroad track, he, for the first time, had a view of the east approach, and observed that this was narrow and very steep, and that another automobile containing four persons had stopped at the foot of the approach, and that the driver of that car was engaged in cranking the automobile. The man thus engaged shouted, and plaintiff applied the brakes and stopped his car, the rear wheels of which were then on the track. Plaintiff testified that about this time, he observed a speeder or track velocipede about 40 rods away approaching the crossing upon the railroad track from the north or left side, and that he therefore concluded to get the auto off the track. Plaintiff further testified that the east approach was so steep that he did not dare to go over on the east side for fear his automobile would slide down and collide with the automobile at the foot of the approach. That he therefore stated to the driver in the other automobile that he would back over to the west side of the railroad track, and see if he could not arrange to let him pass. Plaintiff thereupon backed his automobile as slowly as possible, carefully observing the hind wheels so as to be certain not to get too close to the edge of the embankment. When the automobile had reached a point where the front wheels were about 8 or 10 feet west of the railroad track, and the outer hind wheel 18 inches or 2 feet from the edge of the embankment, the earth of which the grade was constructed suddenly gave way, and slid down the side, carrying the automobile with it. This occurred so suddenly that plaintiff did not have time to escape from the car, and when it reached the bottom of the embankment the car toppled over, and plaintiff was caught between the side thereof and the earth beneath.

At the conclusion of all the testimony, the defendant moved for a directed verdict solely on the ground that, "that any injury that the plaintiff received or that was received by his automobile, was caused di-

rectly and the proximate cause thereof was the carelessness and negligence of the plaintiff himself." Appellant's counsel contends that this motion should have been granted, and argues earnestly that plaintiff was guilty of contributory negligence as a matter of law.

The statute enjoins upon the railroad company the duty of constructing a crossing in a certain manner, and while it is true that travelers are required to exercise ordinary care in protecting themselves and their property from injury, still they have a right to believe that the railroad company has performed its duty. See 33 Cyc. 925–927. The crossing in question was constructed by the railroad company for the purpose of giving travelers an opportunity to cross the tracks at that point, and the plaintiff endeavored to do so, and when he found himself on the top of the track where he could not remain by reason of the velocipede approaching from the north, for the first time he became aware that the railroad company had failed to comply with its statutory duty of constructing a sufficient approach on the east side. Under the circumstances plaintiff was required to use the same care which an ordinarily prudent man would exercise under the same circumstances. It is conceded by appellant's counsel that all conflict in the evidence must be disregarded and all doubtful points construed most favorably to the plaintiff; and that all inferences which a jury might reasonably draw from the facts proved will be regarded as established. The rule is well settled that in all cases where the evidence in regard to contributory negligence is such that different minds may reasonably draw different conclusions, either as to the facts or the conclusions to be drawn from the facts, then the question of contributory negligence is one of fact to be determined by the jury. "Unless the court could say from the conceded facts or undisputed evidence that ordinarily intelligent, reasonable, and fair-minded men would not and ought not to believe that plaintiff was acting as an ordinarily prudent person would have acted under the circumstances, then it was the duty of the court to submit this question to the jury." McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261. See also Stone v. Northern P. R. Co. 29 N. D. 480, 151 N. W. 36; Wilson v. Northern P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429; Omaha & R. Valley R. Co. v. Brady, 39 Neb. 27, 57 N. W. 767; Guthrie v. Swan, 5 Okla. 779, 51 Pac. 562, 3 Am. Neg. Rep. 460.

We are all agreed that plaintiff was not guilty of contributory negli-gence as a matter of law, and that the trial court properly submitted this question to the jury.

Appellant's next proposition is that defendant's negligence was not the proximate cause of the injury, but that the proximate cause of such injury was the negligence of the road officials of the township in failing to contruct and maintain a roadway at the foot of the easterly approach, of such width as to furnish room for two vehicles to pass. We do not believe that under the evidence there is any merit in this contention. At least, the evidence is such that the court could not say as a matter of law that the negligence or omission of the township officials constituted the proximate cause of the injury. While it is true that where the facts are undisputed, the question of proximate cause is one of law to be determined by the court, still it is equally true that where the evidence is conflicting, or the proximate cause of an injury depends upon a state of fact from which different minds might reasonably draw different inferences, then it is properly a question for the jury. 29 Cyc. 632, 633.

We are satisfied, however, that appellant is in no position to raise this question at this time. While the answer put in issue the allegations of the complaint, including the charge of negligence on the part of de-fendant, still the undisputed testimony of all the witnesses showed that the defendant had not constructed a crossing complying with the statu-tory requirements. And while the question of defendant's negligence was an issue under the pleadings, still the case was tried in the court below upon the theory that the amount of plaintiff's damages, if any, and plaintiff's contributory negligence, constituted the only issues be-tween the parties. The court's instructions were formulated upon this theory, and they are conceded to be correct as no exception was taken to any portion thereof. Defendant's motion for a directed verdict was based solely upon the ground that plaintiff's right of recovery was barred by his contributory negligence. It is well settled that new questions cannot be presented and litigated for the first time in the appellate court, and defendant cannot be heard to urge this new theory of defense for the first time on this appeal. 3 C. J. §§ 590, 618, 639 et seq.

Appellant's third proposition is that the court erred in admitting the testimony of the witness, Frank Fees, given upon a former trial of

the case. The testimony in question related solely to the value of the automobile at the time of, and after, the injury it received by falling down the side of the embankment. In his complaint, plaintiff claimed damages for injuries to the automobile in the sum of $200. Plaintiff also testified fully upon this subject, hence the testimony of Fees was merely cumulative. The testimony of Fees, as already stated, was given on the first trial of this action, which occurred on July 3, 1914. At that time he was examined and cross-examined by the same attorneys who conducted the second trial, and his testimony was taken down in full by the official stenographer of the trial court. Before the second trial, plaintiff made inquiries of friends and acquaintances of Mr. Fees at the place of his residence, and was informed that he was out of the state.

Plaintiff also wrote him at West Point, Nebraska, the place to which Fees had removed; but at the time of the second trial had not heard from or been able to locate him. Plaintiff also caused a subpœna to be issued and placed in the hands of the sheriff of the county for service, and the sheriff made return that he was unable to make service thereof upon Mr. Fees by reason of his being out of the state.

The plaintiff also called as a witness one Anderson, an employer of the witness Frank Fees, and Anderson testified that Fees left his employ in August, 1914; that shortly after leaving Anderson's employment Fees went to West Point, Nebraska, and has been continuously absent from Jamestown since that time. Upon this showing, a transscript of the testimony of Frank Fees made by the official stenographer of the court from his notes taken at the first trial was read to the jury. This transcript was used under a stipulation between counsel that no objection was made to the testimony on account of the form in which it was introduced. The only objection urged to the admission of this testimony was that no sufficient foundation had been laid for its introduction.

The courts differ as to the conditions under which the testimony of a witness given on a former trial of the same issues between the same parties should be admitted in evidence. This question was considered by the supreme court of Minnesota in the case of Minneapolis Mill Co. v. Minneapolis & St. L. R. Co. 51 Minn. 304, 53 N. W. 639, 642; and in the opinion written by Judge Mitchell, the court said: "The admis-

sion of the testimony of a witness on a former trial is frequently inaccurately spoken of as an exception to the rule against the admission of hearsay evidence. The chief objections to hearsay evidence are the want of the sanction of an oath, and of any opportunity to cross-examine, neither of which applies to testimony given on a former trial. The real objection to such evidence is that it is only the testimony of someone else as to what the witness swore to on the former trial; and, before the day of official reporters in our trial courts, the accuracy or completeness of such evidence depended entirely upon the fallible memory of those who heard the witness testify. It can be readily seen why, under such circumstances, courts were disinclined to admit such evidence except in cases of actual necessity. But where the words of a witness as they come from his lips are taken down in full by an official court stenographer, this objection does not apply. We do not see why such testimony is not as satisfactory and reliable as a new deposition, taken out of the state, would be. Rules on such subjects should be practical, and subject to modification as conditions change."

In discussing the same matter, Jones (Jones, Ev. § 342) says: "The fact that a witness is beyond the jurisdiction of the state, or of the court, is generally a sufficient excuse for not producing him. Hence, if it is shown that a witness is absent from the state, or a nonresident, or out of the jurisdiction of the court, or if his place of residence is unknown, testimony given by him upon a former trial, and correctly preserved, is admissible in evidence on a subsequent trial of the same cause. It makes no difference whether his testimony was given in the form of a deposition or orally, if it has been preserved in the manner pointed out by law. Testimony of a witness given at a former trial is admissible when his presence at the second trial of the same case cannot be procured. If it is impossible to secure the presence of a witness who has testified at the first trial of the case, it is proper to admit evidence of an unsuccessful effort to find him, in order to lay the foundation for admitting his testimony given on the former trial." See also State v. Moeller, 24 N. D. 165, 138 N. W. 981; King v. McCarthy, 54 Minn. 190, 55 N. W. 960; Atchison, T. & S. F. R. Co. v. Osborn, 64 Kan. 187, 91 Am. St. Rep. 189, 67 Pac. 547. No error was committed in the admission of this testimony. This disposes of all questions presented by appellant.

The judgment appealed from must be affirmed. It is so ordered.