## GEORGE FLAMER v. HENRY C. JOHNSON.

### (162 N. W. 307.)

**Trial courts — judicial discretion — pleadings — amendments — allowing — refusing.**

1. Trial courts are vested with a broad judicial discretion regarding the allowance or refusal of amendment of pleadings, and their rulings will not be disturbed unless an abuse of such discretion is shown.

**Evidence — admission — rejection — errors — rulings — trial court.**

2. Certain errors assigned upon rulings in the admission and rejection of evidence examined, and, for reasons stated in the opinion, *held* to be nonprejudicial.

**Witness — testimony of on former trial — second trial — proof of — allowance of — rule — necessity must appear.**

3. The rule permitting testimony given by a witness upon a former trial to be proved on a subsequent trial is founded upon necessity.

**Testimony given on former trial — may be proved on second trial — necessity for — best evidence available — circumstances.**

4. Such former testimony may be proved, not because in its general nature

it is equal to the oral testimony of the witness, but because it is the best evidence of which the case admits, under the then existing circumstances.

Opinion filed March 15, 1917.

From a judgment of the District Court of Sargent County, *Allen,* J., defendant appeals. ·

Affirmed.

*Purcell & Divet* and *E. W. Bowen,* for appellant.

"If a witness has disappeared from observation, he is in effect unavailable for the purpose of compelling his attendance. Such a disappearance is shown by the party's inability to find him after diligent search." Wigmore, Ev. § 1405.

The trend of courts during many years past has been towards the liberal rule of allowing the testimony of witnesses given on former trial to be proved on second trial. In proof of former testimony, the question of whether the testimony was taken in shorthand by a reporter, or proved by witnesses who heard and remembered such former testimony, does not go to the admissibility of such evidence, but to the weight of it. Wigmore, Ev. §§ 1401–1406; Hill v. Winston, 73 Minn. 80, 75 N. W. 1030; Conner v. State, 23 Tex. App. 378, 5 S. W. 189; People v. Devine, 46 Cal. 46; Minneapolis Mill Co. v. Minneapolis & St. L. R. Co. 51 Minn. 304, 53 N. W. 639; Omaha Street R. Co v. Elkins, 39 Neb. 480, 58 N. W. 164; Gilbreath v. State, 26 Tex. App. 315, 9 S. W. 618; People v. Sierp, 116 Cal. 249, 48 Pac. 88.

*O. S. Sem* and *Forbes & Lounsbury,* for respondent.

The rule is elementary and well established that before the evidence of a witness given on a former trial can be introduced or shown, a proper foundation must be laid by proof either: (1) That the witness is dead, or (2) is insane (or otherwise incompetent), or (3) is beyond the jurisdiction of the court, or (4) that after diligent search has been made the witness cannot be found. The rule that such former testimony may be proved arises out of the necessity of the case. 16 Cyc. 1088; 11 Am. & Eng. Enc. Law, 523.

Search and inquiry, diligently made, to locate and produce such · former witness, must clearly appear, before his testimony on former trial can be proved. 16 Cyc. 1095, 1103, and cases cited; Hill v.

Winston, 73 Minn. 80, 75 N. W. 1030; 5 Enc. Ev. 934, and cases cited; 11 Am. & Eng. Enc. Law, 527.

Where the former testimony was reduced to writing under the sanction of the court, the writing is competent and the best evidence. 16 Cyc. 1107 and cases cited; 9 Enc. Ev. 155; 38 Cyc. 1329 and cases cited; Farmer v. Holmes, 35 N. D. 344, 160 N. W. 143.

CHRISTIANSON, J.   This is an action to recover damages for the death of a mare belonging to the plaintiff.   Plaintiff claims that this mare died as the result of certain injuries received while she was being bred to a stallion owned and handled by the defendant, and that these injuries, and the resultant death, were the direct and proximate results of the negligence and carelessness of the defendant in handling the stallion.

The action was originally commenced in the justice court of Sargent county and resulted in a judgment in favor of the plaintiff for $191.20 damages.   An appeal was taken to the district court of Sargent county, and the cause was tried to a jury, which returned a verdict in favor of the plaintiff for $163 and interest from the date of the death of the mare.   Judgment was entered pursuant to the verdict and plaintiff appeals from the judgment.

The first assignment of error is predicated upon the refusal of the trial court to permit the defendant to amend his answer.   The record shows that the case was tried in justice court on August 23, 1913.   The trial in district court was had on March 28, 1916, or more than two years and a half after the issues were framed in the justice court.   The original answer denied specifically that the mare was injured through the carelessness or negligence of the defendant, or any person acting in his behalf, and further asserted as an affirmative defense that the following words, viz.: "All mares served at owner's risk," were a conspicuous part of certain printed notices, posted by defendant, announcing the times when and places where the stallion would stand for service.

When the case came on for trial in the district court, and apparently after the jury had been impaneled, but before the taking of testimony, defendant's counsel asked leave to amend the answer in two particulars: (1) To insert, as a part of defendant's affirmative defense

relative to the posted notices, a statement to the effect that plaintiff was familiar with and had knowledge of such notices, prior to the time he presented the mare for services; and (2) to set up the defense that the injury to the mare, if any, was caused by plaintiff's contributory negligence in holding, handling, and controlling her during the service. No affidavit or showing of any kind was made in support of the application to amend, nor was any excuse shown for the long delay in making such application, or for presenting the same for the first time upon the trial. The trial court allowed the first proposed amendment, but refused the second, and it is upon this ruling that error is predicated.

Trial courts are vested with a broad judicial discretion regarding the allowance or refusal of amendments to pleadings, and their rulings on applications to amend will not be disturbed unless an abuse of discretion is shown. Webb v. Wegley, 19 N. D. 607, 125 N W. 562; 31 Cyc. 368 et seq. This is specially true where amendments are proposed upon the trial. 31 Cyc. 398; Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 156 N. W. 234; Emery v. First Nat. Bank, 32 N. D. 575, 156 N. W. 105.

We are all agreed that no abuse of discretion has been shown in the case at bar. Furthermore, it is difficult to see wherein defendant was prejudiced by the ruling, as he was permitted to testify fully with respect to the transaction out of which the litigation grew.

The defendant, on cross-examination, testified that he had handled stallions for over twenty years. He also testified that he personally handled the stallion at the time plaintiff's mare was bred, and he related fully what took place at that time.

During such cross-examination he testified in part:

Q. Did you ever have anything like that happen to you before this experience with this stud horse?

A. No.

Q. Did you ever hear of such a thing happening before?

Objected to as immaterial. Overruled.

A. I don't know as I have; I couldn't answer that.

Defendant asserts that the court erred in overruling the objection and requiring defendant to answer the latter question. It is difficult to see how defendant could possibly have been prejudiced by this ruling.

We have carefully considered the argument advanced by defendant's counsel upon this point and are agreed that no prejudicial error was committed.

Defendant also asserts that the court erred in permitting the one Carl Flamer, the son of the plaintiff, to testify to the value of the mare in question. The evidence shows that the young man was nineteen years of age at the time of the trial, and had resided on a farm and handled horses all his life; and that he had seen horses bought and sold shortly before the transaction in question occurred. But even though it be conceded that the witness had not shown himself sufficiently qualified to testify, we are still satisfied that the admission of his testimony upon the question of value does not constitute reversible error. The plaintiff and a veterinary surgeon both testified to the value of the mare, and the defendant and another witness, produced by the defendant, testified to her value. The jurors, however, fixed their own valuation upon the mare, and the valuation placed upon her by the jury was neither as high as that placed upon her by the plaintiff and his witnesses, nor as low as that fixed by defendant and his witness. The evidence of Carl Flamer as to value was, therefore, merely cumulative. There was ample competent evidence as to value. And under well-established rules of law, the error, if any, in the admission of Carl Flamer's testimony upon this question was harmless. See 4 C. J. p. .975, §§ 2955, et seq.

The undisputed evidence shows that Carl Flamer, plaintiff's son, took the mare over to defendant's farm at the time she was bred and that he handled her during the act of breeding. During his direct examination, Carl Flamer stated that he had talked with the defendant about the stallion. He was thereupon asked the following question: "What did he say about that stallion,—that stallion I have mentioned here and that you have mentioned?" To that question, over objection made, the witness made answer as follows: "He said the stallion was strong and dangerous, almost, and that it was lucky it was not a man that was killed. He said he was just as apt to kill a man, he was so big and strong for a man to handle." It is contended by the defendant that this testimony was inadmissible and highly prejudicial. In our opinion the testimony was admissible. The prime question at issue in the case was whether defendant had been negligent in handling the

horse. The character and vigor of the horse were elements which might be considered by the jury in determining whether defendant exercised due care.

Appellant's next and last proposition is that the court erred in excluding the testimony of one Olaf Sherping, given upon the trial in the justice court. No offer was made to show what defendant expected to prove by the testimony of the absent witness, and practically the only foundation laid for its introduction was the testimony of the defendant to the effect that he had asked for Sherping about a month and a half before that, and that so far as he knew he had "left the country," and he didn't know where to find him.

The testimony given by a witness on a former trial is admissible in evidence upon another trial of the same issues between the same parties, under certain circumstances. The principle upon which former testimony should be resorted to is one of necessity: *i.e.,* the absence of any other means of utilizing the knowledge of the witness. Wigmore, Ev. § 1402. Such former testimony may be proved, not because in its general nature it is equal to the oral testimony of the witness, but because it is the best evidence of which the case admits, under the then existing conditions. 5 Enc. Ev. 894.

In the case of Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23, this court considered the question of the admissibility of such testimony and the foundation to be laid for its introduction. As pointed out in that decision, the courts differ as to the conditions which render such former testimony admissible, and this court adopted one of the more liberal rules. See Horwitz's Jones, Ev. § 342a. It was also pointed out in that decision that the chief objection to the admission of such testimony is obviated in cases where the testimony is taken down by the official reporter. In the case at bar, however, the witness testified before a justice of the peace, and the testimony was not taken down by a stenographer and preserved in the manner in which such testimony is preserved in courts of record. Under such circumstances, the party offering the testimony should be required to make a clear showing of actual necessity. In the case at bar, defendant himself sought to testify with respect to such former testimony. The testimony failed to show that the witness was out of the state. It also failed to show any diligent search or inquiry for the witness, or any good

faith attempt on the part of defendant to ascertain his whereabouts, or procure his presence.

It is the duty of a party to submit to a court the best evidence in his power. We are agreed that the trial court committed no error in excluding the former testimony of Sherping in this case.

The record discloses a fair trial, and we find no reason for disturbing the judgment.

Judgment affirmed.