FOSSTON MANUFACTURING COMPANY, a Corporation, Respondent, v. HENRY LEMKE, Appellant.

(175 N. W. 723.)

**Depositions — in former action inadmissible unless parties and issues were the same.**

    1. A deposition is not admissible in an action unless it was taken in a former action where the parties and the issues were the same.

**Witnesses — confidential communications to attorney inadmissible, although relation has terminated.**

    2. It is the duty of an attorney to maintain inviolate the secrets of his client; communications received in this relation are confidential; an attorney appearing for the adverse party to, and as a witness against, his former client, may not disclose such communications, over the objection of his former client.

Opinion filed November 24, 1919.

Appeal from order of District Court, Ramsey County, *Buttz,* J., denying judgment *non obstante,* or a new trial.

Reversed and new trial granted.

*W. M. Anderson (E. T. Burke* on oral argument) for appellant.

The court can take judicial notice of the records of the cases, when the cases at bar are founded upon them, when called on to do so. Danforth v. Egan (S. D.) 119 N. W. 1021; Butler v. Eaton, 141 U. S. 240; Avocato v. Dell' Ara (Tex.) 84 S. W. 444; People v. Ackerman, 146 Ill. App. 301; Bank v. Reed (Ill.) 122 Am. St. Rep. 66; Jones, Ev. p. 243.

"The pleadings in the case, or certified copies, are the best evidence of their contents." 10 Enc. Ev. pp. 816, 819; 17 Cyc. 500; Amundson v. Wilson, 11 N. D. 193.

It is common practice to admit in evidence the judgment roll of another action when it is relevant and material to prove or disprove the issues in the case. 10 Enc. Ev. pp. 758, 759; Rogers v. Riverside, 132 Cal. 9; Mason v. Pelletier, 77 N. C. 52; State v. Logan, 33 Md. 1.

NOTE.—On the question of admissibility of testimony or deposition given against same party in two actions, see note in L.R.A.1916A, 990.

The plaintiff has not alleged an estoppel, or set up any of the elements of an estoppel in his complaint, and to rely upon an estoppel this must be done. An estoppel must be alleged to be proved. Morris v. Ewing, 8 N. D. 99; Schofield v. Cooper (Iowa) 102 N. W. 110; McQueen v. Bank of Edgemont (S. D.) 107 N. W. 208; Saginaw-Suburban R. Co. v. Connelly (Mich.) 109 N. W. 677; Union State Bank v. Hutton (Neb.) 95 N. W. 1061; Pratt v. Hawes (Wis.) 95 N. W. 965; Manbury v. Louisville, etc. Ferry Co. 60 Fed. 645; Henderson v. Kentzer (Neb.) 76 N. W. 965; 16 Cyc. 806, where this rule is laid down and cases from twenty-seven states cited in support thereof.

The representations or conduct relied on to raise an estoppel must have been concurrent with or anterior to the action which they are alleged to have influenced. 16 Cyc. 741; Bushnell v. Simpson (Cal.) 51 Pac. 1080; Strauss v. Minzesheimer, 78 Ill. 492; Hoover v. Kilander, 83 Ind. 420; Near v. Green (Iowa) 85 N. W. 799; Moors v. Albro, 129 Mass. 9; Hamlin v. Sears, 82 N. Y. 327; Workman v. Wright (Ohio) 31 Am. Rep. 546; Williamsport v. Williamsport (Pa.) 52 Atl. 51; Sugart v. Sugart (Tenn.) 76 S. W. 821; Grinnan v. Dean, 62 Tex. 218; Nolting v. National Bank (Va.) 37 S. E. 804; McCall v. Pamell, 64 Ala. 254; Townsend Sav. Bank v. Todd, 47 Conn. 190; Haugen v. Skjernheim, 13 N. D. 616.

"To create an estoppel the evidence must be clear and not a matter of inference." Haugen v. Skjernheim, supra; Morris v. Ewing, 8 N. D. 99; Lincoln v. McLaughlin (Neb.) 112 N. W. 363; McCormick Harvesting Mach. Co. v. Perkins (Iowa) 110 N. W. 15; Nash v. Baker (Neb.) 58 N. W. 706; McQueen v. Bank of Edgemont (S. D.) 107 N. W. 208.

*Flynn & Traynor,* for respondent.

BRONSON, J. This is an action to recover on a certain trust agreement made between the parties as the result of a former action. In the trial court the jury returned a verdict for the plaintiff. The defendant has appealed from an order denying judgment *non obstante* or for a new trial.

In December, 1913, the plaintiff herein recovered a judgment against Fred Lemke in an action upon a promissory note against Fred

Lemke, B. W. Lemke, and this defendant herein as copartners. The action was dismissed as to B. W. Lemke and this defendant.

As a result of that action, the trust agreement, involved herein, was made, by Fred Lemke. By its terms, he assigned to this defendant in trust, for the benefit of the plaintiff herein, any and all demands due or owing by one Albert Thompson to Fred Lemke on account of negotiations between Fred Lemke and Albert Thompson relating to those certain fanning mills for which the promissory note, involved in the above mentioned action, was given. He further authorized the bringing of any action necessary to enforce such claims, the payment of the necessary expenses therefor, and the applications of the proceeds realized upon the judgment. The complaint herein alleges the trust agreement; that this defendant accepted the trust created; that, pursuant thereto, this defendant commenced an action for the collection of such claim, recovered the judgment therefor and collected thereupon over $1,000. That this defendant, after demand, has not made payment of $170.49 the balance due on the judgment against Fred Lemke. The defendant herein interposed a general denial. The action was tried to a jury. The main point of contention, upon the issues raised, and facts presented, is whether the action instituted by the defendant Henry Lemke against Albert Thompson, for which recovery was had, involved and concerned the fanning mills that were involved and concerned in the prior action by the plaintiff against the Lemke Bros. It is the contention of the defendant herein that, in the former action, the trust agreement was made when it developed through conference of the parties that six fanning mills for the sum of $107 had been bought by Fred Lemke, which Albert Thompson had agreed to take at the invoice price; that as a result of such conference the trust agreement was made assigning to Henry Lemke, in trust for the plaintiff, the claim against Thompson, the amount of which, when collected, should apply on the judgment rendered in such former action. In the suit of Henry Lemke against Thompson the defendant herein denies that such fanning mills were any part of such suit. The plaintiff, on the contrary, contends that such fanning mills were involved, and that the appellant has collected thereupon as a result of the judgment obtained against Thompson. In this connection the facts are somewhat

involved.   It is considered unnecessary to unduly extend this opinion by reciting them in detail, or other than as may be necessary to consider the questions of law presented by the defendant.   However, it appears in this connection that Fred Lemke sold his machine business to one Albert Thompson and assigned the balance due him upon such sale to his two brothers, in trust for his creditors; That subsequently, this defendant, authorized by the two brothers, brought suit, as he insists, for the purpose of collecting the amount due Fred Lemke for such sale.   When Frek Lemke sold this machine business, Thompson had not paid for the six fanning mills.

The defendant has specified thirty-five assignments of error.   They principally concern the rulings of the trial court in the admission and rejection of testimony.   Upon examination of the same we are of the opinion that no prejudicial error has been committed except as herein noted.

During the trial of the action the plaintiff offered in evidence a deposition with exhibits attached of a witness in the former action of the Fosston Mfg. Co. v. Lemke Bros.   Over the objection of the defendant, the trial court admitted such deposition, expressing, however, doubt of its admissibility.   This deposition contained testimony material to the question of the fanning mills involved.   Although the defendant in this action was a party to the former action, nevertheless the issues in the former action were not the same and there were additional parties defendant.   It was clearly prejudicial error to admit this deposition in evidence.   See note in L.R.A.1916A, 991; Felton v. Midland Continental R. Co. 32 N. D. 223, 236, 155 N. W. 23; Flamer v. Johnson, 36 N. D. 215, 162 N. W. 307.

During the course of the trial, also, the attorney for the respondent herein who was the attorney for the defendant in the action of Lemke v. Thompson was permitted to testify concerning many conversations had between him and the defendant when apparently the relation of attorney and client then existed concerning matters that were litigated in the action of Lemke v. Thompson.   In view of another trial, it is stated that such conversations, when given while the relations of attorney and client existed concerning the subject-matter of such relation, should not be received in evidence over the objection of the

client, not only by reason of the protection of the statute concerning confidential relations, § 7923, Comp. Laws 1913, but also by reason of the duty of an attorney to maintain inviolate the confidence, and at any peril to himself to preserve the secrets of his client. Comp. Laws 1913, § 7994. The order of the trial court is reversed and a new trial granted with costs to the appellant.

ROBINSON, J. (dissenting). In this case a verdict was rendered against the defendant for $170.49, and interest. He appeals from an order denying a motion for a new trial and a motion for judgment notwithstanding the verdict. He makes thirty-five assignments of error, but no specifications showing therein the evidence is insufficient to support the verdict, and for that reason alone, the motion was properly denied. On such small matters the parties should learn to abide the decision of the jury and the trial court, unless when the verdict is manifestly unjust or contrary to law. This court does not disturb a verdict which is based on a doubtful balance of right and wrong.

The complaint is that in 1912 the plaintiff commenced an action against Henry Lemke, Ben Lemke and Fred Lemke to recover money, to wit, $107 and interest, on a promissory note, dated May 1, 1909, made to it by Lemke Implement Company and Fred Lemke; that in 1913, during the progress of the trial of said action in the district court of Towner county, pursuant to agreement between the plaintiff and defendants, the plaintiff dismissed its suit against B. W. Lemke and Henry Lemke and took judgment only against Fred Lemke for $195.47, and in consideration thereof Fred Lemke sold and assigned to Henry Lemke, in trust for the benefit of the plaintiff, certain debts and demands due Fred Lemke from one Albert Thompson of Brocket, North Dakota. That pursuant to the agreement Henry Lemke did collect from Albert Thompson a sum in excess of the plaintiff's claim and refused to pay the judgment against Fred Lemke, on which there is due a balance of $170.49 and interest from December 23, 1913, which is the amount of the verdict. The verdict appears to be well sustained by evidence. There must be an end to litigation. The record shows no good reason for another bitter trial of this case.