# STATE OF NORTH DAKOTA, Appellant, v. JACK GUYER, Respondent.

### (182 N. W. 693.)

**Larceny — variance as to description of animals stolen held not material.**
In this case the defendant is accused of stealing two cattle, the property of Peter Blackhawk. Because of certain variances between the description of the animals as given in the information and the proof, the court made an order granting a new trial, subject to the ruling of the supreme court on the question of variance. *Held*, that there was no variance which in any way misled the defendant or prevented him from maintaining his defense on the merits.

Opinion filed April 18, 1921.

Appeal from the District Court of Sioux County, Honorable *J. M. Hanley*, Judge.

Reversed.

*Edw. S. Johnson* and *Foster & Baker*, for appellant.

*Julius Skaug* (*J. A. Heder*, on oral argument), for respondent.

ROBINSON, Ch. J. In July, 1920, in the district court of Sioux county, defendant was convicted of the crime of grand larceny and sentenced to imprisonment in the penitentiary for two years. Then, it seems, on December 30, 1920, the court made an order that the verdict and judgment be set aside and a new trial granted, subject to the ruling of the supreme court on the question of variance, which is certified to the court. From said order the state appeals. The motion for a new trial was based on a statement of the case and on assignments of error, and this court is requested to pass upon and determine the following question: When the information charges the theft of one two-year old red cow, branded PP on left ribs, and one two-year old red muley steer, branded in the same way on the left ribs, and the proof shows that the property lost was one yearling heifer, branded on the right side, and one yearling bull calf, with horns, branded on the right side, was the variance prejudicial to the rights of defendant and fatal to the judgment so as to warrant the granting of a new trial?

The answer to the question is, "No." It was not a fatal variance.

The neat animals in question are fully identified and were in view of the court and jury at the time of the trial, and the question was: Did defendant steal them as charged? The description of animals continuously changes. The heifer becomes a cow and the bull calf, a steer with horns. The branding is of no consequence, only to identify the animals. The testimony is lengthy. We cannot undertake to repeat it. Six persons were sworn and testified as witnesses for the state. They fully identified the two animals with the brand of Peter Blackhawk. They showed that defendant had twice rebranded them and had blurred over the brand of Blackhawk. Surely the animals were well branded and identified, and the jury went to the government corral, adjacent to the courthouse, and inspected the animals. The testimony was reduced to writing and made a part of the record, so that, in case of a second prosecution for the stealing of the two animals from Peter Blackhawk, it will be an easy matter for defendant to plead and prove a former conviction. The testimony shows that the animals bear the original brand of Peter Blackhawk and two brands of the defendant. It shows that the defendant knew well the two animals that he was accused of stealing. There was no chance of a misapprehension. There was no chance of an injury by reason of any variance between the description, as stated in the information, and the proof at the trial. In civil actions a variance between the pleadings and the proof is not material unless it actually misleads the adverse party to his prejudice in maintaining his action or defense. Comp. Laws, § 7478. The same rule is now applied to criminal pleadings. Under the Criminal Code, "neither a departure from the form or mode prescribed in the Code in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right. Comp. Laws, § 11,088. In charging a criminal offense it is sufficient that the act or omission charged as an offense be clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. Comp. Laws, § 10,693. In this case the information charges that on June 1, 1919, in Sioux county, North Dakota, Jack Guyer did commit the crime of grand larceny; that he did then and there feloniously steal and carry

away two neat cattle, each of the value of $60, which animals bore the brand and were the property of Peter Blackhawk.

Of course the age and the exact description of the animals varied from day to day. The yearling heifer became a two-year old cow, and the bull calf became a steer, but each retained the Peter Blackhawk brand, and, aside from the brand, the animals were well identified by several witnesses, and it was conclusively shown that the defendant had twice branded each of the animals, and had done the branding so as to blur or obliterate the original branding. Clearly defendant has not been misled to his prejudice by any variation between the information and the proof. The jury was not misled and the court was not misled.

The order for a new trial must be reversed and the judgment of conviction affirmed.

BIRDZELL, J., concurs.

GRACE, J. I concur in the result.

CHRISTIANSON, J. (concurring specially). The sole question presented in this case is whether, by reason of the difference between the description of the cattle contained in the information and that given in the evidence on the trial, there was a fatal variance.

After careful consideration of this question, I have come to the conclusion that, upon the record here, there is, under our statute, no such variance. Shortly after the commencement of the trial, the complaining witness was called as a witness for the prosecution. Almost at the outset of his testimony he was asked to, and did, describe the animals which he claimed the defendant had stolen from him. No objection was offered to such testimony on the ground that it was variant from the information, or upon any other ground. Later, when counsel for the prosecution suggested that the jury be taken down to the corral to view one of the animals which the defendant was charged with having stolen, and which the complaining witness had identified as one of those stolen from him, defendant's counsel stated that he had no objection to the jury viewing such animal. So far as the trial is concerned there is nothing to indicate even the remotest chance that the defendant was prejudiced by the variance between the property de-

47 N. D.—31.

scribed in the information and that proven. There was no contention that the complaining witness had been deprived of, or that the defendant had stolen from the complaining witness, anything except the two animals to which the evidence referred. In these circumstances it seems to me that the case falls squarely within § 11,088, Comp. Laws 1913, which provides: "Neither a departure from the form or mode prescribed in this Code in respect to any pleadings or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right."

BRONSON, J., concurs.