## STATE OF NORTH DAKOTA, Respondent, v. CLIFFORD A. McCARTY, Appellant.

(194 N. W. 335.)

**Jury — objection to panel because dismissed and recalled held without merit.**

In a prosecution for the larceny of certain calves it is *held*, for reasons stated in the opinion,

1. That the objection made to the jury panel because it was dismissed and recalled, is without merit.

**Criminal law — testimony of witnesses whose attendance could not be procured, as given at former trial, properly admitted.**

2. That the testimony of two witnesses, whose attendance could not be procured, as given at a former trial, was properly admitted.

**Criminal law — admission of rebuttal testimony concerning other crimes of defendant held not erroneous.**

3. That the admission of certain rebuttal testimony concerning the commission of other larcenies was not erroneous.

Opinion filed June 1, 1923.

Criminal Law, 16 C. J. § 1170 p. 603 n. 83, 84, 85; § 2116 p. 839 n. 76; Juries, 35 C. J. § 404 p. 363 n. 85.

In District Court, Hettinger County, *Nuessle,* J.

Prosecution for grand larceny of certain calves.

Defendant has appealed from judgment of conviction.

Affirmed.

Per Curiam opinion.

*H. E. Haney,* for appellant.

*J. P. Cain,* special prosecutor.

PER CURIAM. This is a prosecution for the grand larceny of certain calves. In June, 1920, a jury in Stark county returned a verdict of

Note.—As to the effect of admissibility in criminal trial of testimony given upon preliminary examination by witness not available at the time of trial, see note in 25 L.R.A.(N.S.) 868.

On admissibility of evidence given on a former trial or preliminary examination, see note in 140 Am. St. Rep. 775.

See also 8 R. C. L. 88; 3 R. C. L. Supp. 542; 4 R. C. L. Supp. 520.

guilty against the defendant. Upon appeal from the judgment of conviction this court, in April, 1921, granted a new trial for errors in instructions. State v. McCarty, 47 N. D. 523, 182 N. W. 754. The new trial was had in Hettinger county in December, 1921. Again the jury found defendant to be guilty. Defendant has appealed from the judgment of conviction. The facts have been set forth in the former opinion. They are substantially the same in the present record. In general, the basis of the prosecution is that defendant arranged with two confessing accomplices to steal certain unbranded calves on a ranch North of Belfield, North Dakota, and to transport the same about 18 miles distant southwest to defendant's ranch; that, pursuant to this arrangement, six calves, on November 16th, 1918, in the nighttime were taken and transported to defendant's ranch; that defendant received the same and paid to these parties $100 for their services. Defendant maintains that there is no corroboration of the testimony of the two parties who took these calves. This contention has been answered by the former opinion of this court. State v. McCarty, supra. Defendant made objection to the jury panel. From the record it appears that the trial court dismissed the jury, but within an hour, upon learning that this court had designated Judge Nuessle, now an associate justice of this court, to try the case, recalled the jury. The court had not adjourned. From the record it further appears that both parties passed peremptory challenge and stated to the court that they were satisfied with the jury. This objection, accordingly, is without merit. In the record it appears that the testimony of one Leeper and Jacobson, given at the former trial, was admitted in evidence and read to the jury. Further, it appears that Leeper had been sick in bed for some time and his attendance could not be procured; that attempts were made to serve subpoena upon Jacobson but he could not be found. There was further testimony to the effect that this Jacobson was in Montana at the time of the trial. We are satisfied that the court properly received this evidence. Felton v. Midland Continental R. Co. 32 N. D. 223, 237, 155 N. W. 23; State v. Moeller, 24 N. D. 165, 138 N. W. 981; see note in 25 L.R.A. (N.S.) 868. The court also received in evidence a ledger sheet of a bank which showed that on November 18th, 1918, a check for $100 was charged to his account. This exhibit had slight evidentiary value but no prejudicial error occurred in its admission.

49 N. D.—58.

Complaint is made of the instruction of the court that the possession, by the person charged, of stolen property, recently after the theft, if unexplained, is a circumstance tending to prove his guilt. This instruction considered with the rest of the court's instructions is well within the rule announced in the former opinion. State v. McCarty, supra.

During the course of the trial, defendant, who had previously testified in his own behalf that he received this property innocently, was asked on cross-examination, whether one of the alleged accomplices had stolen a gray horse and brought it to him. Some other similar questions were propounded involving the commission of other larcenies; all of which defendant denied. On rebuttal one of these alleged accomplices testified that defendant had him steal a black horse and some other horses. The trial court admitted this testimony on the theory that it was permissible to show a series of transactions, for the purpose of establishing knowledge or intent of any particular transaction. In his instructions to the jury, the court limited the consideration of this testimony to the establishing of a felonious intent or motive, and for purposes of throwing light upon the knowledge, intent, and purpose of defendant. In view of the relations as testified between the accomplices and the defendant, this testimony was admissible, in our opinion, to show guilty knowledge and intent, and thus to rebut the defendant's testimony. No error occurred in the court's instruction in regard thereto.

Upon the entire record we are satisfied that defendant was accorded a fair trial without occurrence of any prejudicial error. Four years have elapsed since the commission of the offense. Defendant has been accorded every opportunity to establish his innocence. The judgment, accordingly, should be, and is, affirmed.

Bronson, Ch. J., and Birdzell, Burr, and Johnson, JJ., concur.

Justices Nuessle and Christianson, being disqualified, did not participate; Honorable A. G. Burr, Judge of Second Judicial District, sitting in their stead.