## H. H. LEACH, Appellant, v. A. L. NELSON and Leila Nelson, Respondents.

(196 N. W. 755.)

**Evidence — testimony of witnesses on first trial admissible where inaccessible and issues and parties identical.**

1. On the second trial of a cause, where the parties are the same and the issues identical with those on the first trial, testimony of witnesses taken on the first trial is admissible when such witnesses are inaccessible and their attendance cannot be procured.

**Trial — objections to testimony admitted on first trial cannot be raised first on second trial.**

2. Where testimony taken at a former trial is admissible and used in a later trial by reason of the inaccessibility of a witness, objections not taken on the first trial may not be interposed on the second.

**Mortgages — contract by grantee assuming payment of existing encumbrances separate from conveyance; contract by grantee assuming existing encumbrances may be embodied in deed in separate writing or may rest in parol.**

3. The contract by which a grantee assumes the payment of existing encumbrances on realty is separate and distinct from the conveyance. Such a contract may be embodied in the deed, it may be by separate writing, or it may rest entirely in parol. Moore v. Booker, 4 N. D. 543.

Note.—(1) Admissibility of testimony of witness given at former trial, see 10 R. C. L. 966; 2 R. C. L. Supp. 1122; 4 R. C. L. Supp. 682; 5 R. C. L. Supp. 577.

(3) Assumption of mortgage debt not embraced in instrument, see 19 R. C. L. 381: 3 R. C. L. Supp. 938; 4 R. C. L. Supp. 1278; 5 R. C. L. Supp. 1033.

(4) Improper remarks of counsel as prejudicial, see 2 R. C. L. 438; 1 R. C. L. Supp. 538; 4 R. C. L. Supp. 110.

**Appeal and error — whether misconduct of counsel prejudicial discretionary; error cannot be predicated on misconduct of counsel without presenting matter to trial court.**

4. The determination of whether or not misconduct of counsel on the trial of a case is prejudicial is in the first instance for the consideration and rests largely in the discretion of the trial court, and a party complaining of such misconduct must afford the trial court an opportunity to exercise such discretion and pass upon the effect of such misconduct, and not having done so, he cannot predicate error on account of the same on appeal.

Opinion filed December 8, 1923. Rehearing denied January 22, 1924.

Appeal and Error, 3 C. J. § 763 pp. 862 n. 21; 863 n. 27. Evidence, 22 C. J. §§ 510 p. 427 n. 43, 65: 519 p. 434 n. 16. Mortgages, 27 Cyc. p. 1345 n. 98, 1, 4. Trial, 38 Cyc. pp. 1471 n. 41; 1507 n. 84.

From a judgment of the District Court of Ramsey County, *Kneeshaw, J.*, plaintiff appeals.

Affirmed.

*A. E. Wheeler* and *Middaugh, Cuthbert & Smythe*, for appellant.

*Flynn, Traynor & Traynor*, for respondents.

NUESSLE, J. This is the second appeal of this case. The opinion in the former case is reported in 48 N. D. 1046, 189 N. W. 251. The law of the case was laid down in that opinion. The facts on the present appeal are substantially identical with those on the former. Immediately prior to the second trial which was had to a jury, the defendants asked for leave to amend their answer. Over objection leave was granted. However, on the trial the court sustained the plaintiff's objection to all evidence sought to be offered under the amendment, so that the issues of fact on the second trial were identical with those as made and determined on the first trial. On the second trial the defendants had a verdict. From the judgment entered thereon the plaintiff appeals.

The appellant assigns some seventy-six errors. He predicates error on account of the admission or rejection of evidence offered; on account of alleged misconduct of the respondents' counsel; and by reason of instructions given to the jury.

The testimony offered by the respondents on the second trial was

substantially that offered on the first trial. Two of the witnesses who were present and testified at the first trial were inaccessible and were not present at the second trial. So their testimony as given at the first trial was introduced. The appellant, when this testimony was read, in addition to the objections taken on the first trial interposed other and additional objections, some of which were well grounded, and doubtless would have been sustained had they been taken in the first instance. The trial judge, overruling such objections, stated as reasons for his ruling, ". . . it appearing that this is a transcript of the evidence given on a former trial in which these same attorneys appeared, and there was no objection made at that time. You had an opportunity to make an objection at the former trial and failed to do so." And again, when ruling, the trial judge said, "The court concedes that some of these questions were vulnerable to objection on certain grounds if an objection had been made when the evidence was introduced. It appears that the attorneys in this case were present at the former trial, and made no such objection and it is too late at this time to object to that evidence under the circumstances of this case. The objection is overruled." There was no objection to reading in evidence the testimony taken at the former trial, all parties apparently agreeing that the same was admissible on the showing as made that the witnesses were beyond the jurisdiction of the court.

Appellant, however, contends that the issues on the second trial were not the same as those on the first by reason of amendments allowed by the trial court. It is true that an amendment was allowed to the second paragraph of the answer. But when in the course of the trial respondents sought to introduce evidence in support of the matters pleaded in this amendment, objections interposed thereto were sustained and the evidence rejected. Thus, in fact, the case was tried and submitted on the identical pleadings and issues as made on the first trial, and the parties were the same. It is true that on the second trial the appellant may have had a different theory of law, but we do not believe that on the record that fact alone justifies the contention that the issues were different.

Appellant further contends that the same rule applies to evidence of this character that applies to depositions as regards exceptions on the grounds of incompetency and irrelevancy, and that under § 7906,

Comp. Laws 1913, providing, "Exceptions to a deposition on the ground·of incompetency or irrelevancy may be made at the time the same is offered in evidence; other exceptions to a deposition must be made in writing, specifying the grounds of objections and filed in the cause before the commencement of the trial," objections on the grounds of incompetency or irrelevancy may be made at the time the deposition is offered in evidence. We need not here consider the rule prescribed by § 7906, supra, or its practical application. It is sufficient to say that appellant is mistaken in his contention. The evidence in question was not a deposition. It was admissible regardless of the statutory provision as to the taking and admission of depositions. It was taken under oath on a former trial, the parties and issues were identical, the plaintiff was given full opportunity to cross-examine, and to interpose such objections as he saw fit. See State v. McCarty, 49 N. D. 912, 194 N. W. 335 and authorities cited; Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23 and cases cited; Robertson v. State, Ann. Cas. 1913C, 440 and note (63 Tex. Crim. Rep. 216, 142 S. W. 533); Smith v. State, 15 A.L.R. 490 and note (147 Ga. 689, 95 S. E. 281); Edgeley v. Appleyard, Ann. Cas. 1914D, 474 and note (110 Me. 337, 86 Atl. 244); Horwitz's Jones Ev. §§ 336 et seq. Where testimony taken at a former trial is admissible and used in a later trial by reason of the inaccessibility of a witness, objections not taken on the first trial may not be interposed on the second. Sherman Gas & E. Co. v. Belden, 103 Tex. 59, 27 L.R.A.(N.S.) 237, 123 S. W. 119.

The respondents, by the testimony complained of, were endeavoring to establish by parol evidence, first, that certain real property had been sold, and second, that the purchaser, one Sharf, had assumed and agreed to pay respondents' note secured by a second mortgage on such property. Appellant states his own position in that connection as follows: "Plaintiff was and is trying to recover his $1,000 and interest. He does not believe that Rev. Sharf assumed and agreed to pay his note secured by his second mortgage. The only competent evidence of this pretended assumption by Rev. Sharf is the deed itself which, it is claimed, was delivered to him and which he accepted. In no event would parol evidence of the contents of this deed be admissible until it was shown clearly and persuasively that the instrument or a certified copy of it was not available to them as testimony. Nearly all of

the errors complained of in this subdivision go to that point." Appellant's contention is that the deed conveying the property in question to Sharf is not produced in evidence, nor is there any proof of inability to produce it; that the contract of assumption must be within the deed; that parol evidence as to the contents of the deed is inadmissible on the proof as made; and that, therefore, the assumption cannot be shown. The whole point of the appellant's contention is based on the proposition that the only competent evidence of such assumption must be within the deed itself. In this the appellant is mistaken. The contract by which a grantee assumes the payment of existing encumbrances is separate and distinct from the conveyance. Such a contract may be embodied in the deed, it may be by separate writing, or it may rest entirely in parol. Moore v. Booker, 4 N. D. 543, 62 N. W. 607, and cases cited; Ordway v. Downey, 18 Wash. 412, 63 Am. St. Rep. 892, 51 Pac. 1047, 52 Pac. 228; see also Erickson v. Wiper, 33 N. D. 193 at p. 208, 157 N. W. 592. No foundation for the objections was laid by the appellant by a showing that the contract of assumption was contained within the deed, or that it was in writing. Therefore, in any event, the objections in this behalf were properly overruled.

Appellant's second proposition is that the trial court erred in sustaining objections to certain testimony offered by him through the witness Wimber. We have carefully examined the record in so far as it relates to the rulings of the trial court with reference to this testimony, and we are of the opinion that on the whole record there is no error. Appellant was permitted to develop the line of evidence he desired to, and while the rulings as pointed out by the assignments standing alone might have been objectionable, yet taking the whole record together we do not believe that there was error.

Appellant further contends that there was prejudicial error by reason of the misconduct of respondents' counsel in the examination of the jury panel, in pursuing an objectionable course of examination during the trial contrary to the rulings of the trial court, and in his argument to the jury by reason of persisting in reading from the transcript of the evidence. It is sufficient to say that though there may have been some ground for complaint on the part of appellant, that nevertheless in every case where objection was interposed, the trial court ruled thereon. No requests for instruction with reference thereto were submitted, and no requests to admonish the jury were denied. Such

matters are, in the first instance, for the consideration and must necessarily rest largely in the discretion of the trial court. The trial judge breathes the air of the trial. He hears and sees what is said and done, and observes the effect of the words, conduct and demeanor of counsel and witnesses upon the jury. Appellant, though complaining of the alleged misconduct of the opposing counsel, did not move for a mistrial on the grounds thereof, but without submitting such motion, permitted the case to go to the jury, and a verdict to be returned. Neither did he move for a new trial on the ground of such alleged misconduct. If he wished to urge and rely upon his claim of prejudice, he should have afforded the trial court an opportunity to rule upon the same, and not having done so he cannot now complain. A litigant may not thus speculate upon the result of his lawsuit, and if he wins take the benefits, and if he loses repudiate the loss because of a claim of prejudice which he failed to urge at the timely moment. See Stoskoff v. Wicklund, 49 N. D. 708, 193 N. W. 312; Beardsley v. Ewing, 40 N. D. 373, 168 N. W. 791; State v. Moeller, 24 N. D. 165, 138 N. W. 981; State v. Knudson, 21 N. D. 562, 132 N. W. 149; Birmingham R. Light & P. Co. v. Gonzalez, Ann. Cas. 1916A, 543 and note (183 Ala. 273, 61 So. 80).

The fourth contention of the appellant is that the court erred in its instructions to the jury; that these instructions were not applicable to the facts as established; that there was not sufficient evidence in the record as made, considering the objections of the appellant, to establish either a sale of the real property in question to Sharf, or if such a sale were established, an agreement to assume and pay the note sued upon, and a failure on Sharf's part to make such payment. We believe that what we have said with reference to the first contention urged by the appellant and heretofore considered disposes of these assignments. We think that there is sufficient evidence properly in the record to warrant a submission of these questions of fact to the jury, and the jury's finding thereon is conclusive. The instructions complained of were strictly in accord with the law of this case as laid down on the former appeal. That being so, there is no merit to the contention.

The judgment must be affirmed.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.