## MURRAY v. STATE OF INDIANA.

[No. 24,738. Filed October 20, 1926.]

1. INTOXICATING LIQUORS.—An affidavit charging the transportation of intoxicating liquor in the language of the statute (Acts 1923 p. 70) was sufficient. p. 389.

2. INTOXICATING LIQUORS.—*Instruction as to transportation of liquor held not prejudicial.*—In a prosecution for transporting intoxicating liquor, an instruction that the transportation of intoxicating liquor for any particular distance would constitute a crime was not prejudicial although it did not include a statement that the transportation must be unlawful. p. 391.

3. INTOXICATING LIQUORS.—*Exceptions to statute making transportation of liquor unlawful constituted affirmative defense.*— In a prosecution under the act of 1923 (Acts 1923 p. 70), amending §4 of the prohibition law of 1917, for unlawfully transporting intoxicating liquor, the exceptions in other sections of said law constituted an affirmative defense. p. 391.

4. CRIMINAL LAW.—*Objection, on appeal, to admission of evidence on ground different from that stated below.*—On appeal from a prosecution for unlawful transportation of liquor, the admission in evidence of liquor found on defendant's person cannot be questioned on a ground different from that stated in the trial court. p. 391.

5. CRIMINAL LAW.—Admission by defendant that he brought into the state the intoxicating liquor found on his person at the time of his arrest was sufficient evidence to sustain his conviction. p. 391.

6. CRIMINAL LAW.—When objection is clouded in meaning, it will be construed agreeably to the ruling thereon, when not unreasonable to do so. p. 392.

From Grant Circuit Court; *J. F. Charles,* Judge.

Roy Murray was convicted of transporting intoxicating liquor, and he appeals. *Affirmed.*

*J. T. Walterhouse* and *Thomas V. Miller,* for appellant.

*U. S. Lesh,* Attorney-General, for the State.

MYERS, C. J.—Appellant was convicted of transporting intoxicating liquor. §1, Acts 1923 p. 70.

1. From a judgment assessing a punishment as provided in the act, *supra,* he has appealed to this

court and properly assigned as errors the overruling of his motion to quash the affidavit and the overruling of his motion for a new trial. He asserts here, as he did below, that the affidavit fails to state facts sufficient to constitute a public offense and that it does not charge an offense with sufficient certainty. The affidavit charged that on April 16, 1923, among other things, that appellant did "unlawfully transport and carry intoxicating liquor, to wit: one pint of whisky over, through, across and into the State of Indiana in and on a passenger train * * * from the city of Chicago to the city of Marion, Indiana." The statute upon which this affidavit is predicated states what acts shall constitute a violation thereof. One of the acts prohibited is that it shall be unlawful to transport intoxicating liquor. The affidavit is in the language of the statute and is sufficient to repel the two objections urged against it. *Hammell* v. *State* (1926), *ante* 45, 152 N. E. 161; *Berry* v. *State* (1925), 196 Ind. 258, 148 N. E. 143.

The causes specified in appellant's motion for a new trial, and on which he relies, are, that the court erred in giving to the jury on its own motion instruction No. 5; in admitting in evidence a certain bottle and its contents; insufficient evidence to support the verdict, and verdict contrary to law.

The instruction of which complaint is made told the jury that the particular act with which appellant was charged "is transporting intoxicating liquor." That "mere possession of intoxicating liquor was not unlawful; it is, however, unlawful to transport intoxicating liquor and it is not necessary—the law does not fix any particular distance in which such liquor shall have been transported, in order to constitute a crime; any transporting, from one place to another of intoxicating liquor would be unlawful under the statute."

Appellant, in effect, asserts that the court did not, by this or any other instruction, tell the jury that they must find an unlawful transporting. The stat-2, 3. ute to which we have referred makes it unlawful to transport intoxicating liquor "except as in this act provided." This quoted phrase has reference to other sections of the act as amended, wherein transportation of such liquor under certain circumstances was allowed. Appellant does not claim the benefit of the exception, which is an affirmative defense (*Batts* v. *State* [1924], 194 Ind. 609, 144 N. E. 23; *Volderauer* v. *State* [1924], 195 Ind. 415, 143 N. E. 674), nor does he point to any evidence tending to bring him within the exception. Under this state of the record, the jury could not have been misled by the questioned instruction to the harm of appellant.

We now turn to the questions arising on the evidence. It appears from the evidence that appellant, prior to 10 o'clock in the morning on April 16, 1923, was 4, 5. arrested by a deputy sheriff of Grant county. At the time of his arrest, he was at the Chesapeake and Ohio Railway Company's passenger station in Marion. There is no showing or attempt to show that the officer had a warrant or any other instrument authorizing him to make the arrest, or that any offense, to his knowledge, had been committed or was being committed by appellant in his presence. The circumstances pertaining to the arrest are best told by the officer himself. In answer to a question to give the conversation between himself and appellant, and after stating that appellant came to the station: "I asked him to search him and I placed him under arrest. That is all the conversation I had with him, up until the time he was placed under arrest." In answer to another question, he said: "I searched him and found a pint of liquor in his right hand coat pocket. When I found

that, Mr. Murray said, 'I will give you credit, you did more than any other man did.' " He then called the sheriff who took appellant into custody and to jail where he was locked up. There is no evidence that the bottle of liquor obtained by the search and later, over appellant's objection, introduced in evidence as a part of the state's case, was in view of the arresting officer or that he had any knowledge of the bottle on appellant's person until he made the search. The sheriff testified, in substance, to a conversation with appellant in which the latter admitted that he had obtained the liquor in Chicago where he paid $2 for it, and that he brought it from Chicago to Marion on that morning. To a detective employed by the railway company, four days after the arrest and while appellant was in jail, he made similar admissions with reference to where he received the liquor. These admissions, together with the bottle and its contents which were before the jury as a pint of intoxicating liquor, would be evidence sufficient to support the verdict.

The objection, as stated, to the admission of the bottle and its contents in evidence, was not made upon the theory that the arrest was unlawful and for that reason the search was illegal, or that the officer obtained the exhibit proposed to be introduced in evidence through a search of appellant's person prior to his lawful arrest. When the language of an objection is clouded in meaning, as here, we must construe it agreeably to the ruling thereon when not unreasonable so to do, regardless of the construction we might have placed upon it were we in the place of the trial judge, for, by so doing, we have the same question as was presented to the court below. Parenthetically we may say that in our opinion the exhibit— bottle and its contents—was not admissible in evidence over a proper objection.

Upon a careful consideration of the record and argument of counsel in this case, we have reached the conclusion that no available error has been pointed out.

Judgment affirmed.