# STATE OF NORTH DAKOTA, Respondent, v. OSCAR HUSE-MOEN, Appellant.

### (215 N. W. 536.)

**Verdict — evidence held to support verdict of guilty of selling intoxicating liquor.**

1. The defendant, convicted for unlawfully selling intoxicating liquor, challenges the sufficiency of the evidence to sustain the judgment of conviction. The record examined and *held*, that the evidence is sufficient to sustain said judgment.

**Criminal law — second trial — issues same as at first trial — evidence admissible.**

2. On the second trial of a cause where the parties are the same and the issues identical with those on the first trial, testimony of witnesses taken on the first trial is admissible when such witnesses are inaccessible and their attendance cannot be procured.

**Intoxicating liquors — admissibility of evidence — no prejudicial error.**

3. Certain rulings of the trial court on questions of evidence examined and *held*, for reasons stated in the opinion, that there was no prejudicial error.

Opinion filed October 13, 1927.

Criminal Law, 16 C J. § 1557 p. 757 n. 43; p. 758 n. 51, 52, 57. Intoxicating Liquors, 33 C. J. § 510 p. 764 n. 1; § 527 p. 775 n. 18.

Appeal from the County Court of Ransom County, *Thompson, J.*

Defendant, convicted for unlawfully selling intoxicating liquor, appeals from the judgment of conviction.

Affirmed.

*Tim A. Francis* and *Chas. G. Bangert,* for appellant.

"It is incumbent on the party seeking to introduce evidence given at a former trial to show to the satisfaction of the court that the issue at the former trial was the same, or substantially the same, as the issue at the latter trial. The reason for this requirement is that, in the ab-

Annotation.— (2)   On use in criminal case of testimony given on former trial or preliminary examination by witness not available at present trial, see annotation in 15 A.L.R. 495; 21 A.L.R. 662; 8 R. C. L. 215; 2 R. C. L. Supp. 576; 4 R. C. L. Supp. 537.

sence of such identity of issue, the opportunity of cross-examination at the former trial would have been of little or no value." 22 C. J. 430.

*George F. Shafer,* Attorney General, and *Charles S. Ego,* State's Attorney, for respondent.

The rules of evidence in civil cases are applicable in criminal cases, except as the rules in criminal cases are specifically provided by the code of criminal procedure. Felton v. Midland R. Co. 32 N. D. 223, 155 N. W. 23; State v. Moeller, 24 N. D. 165, 138 N. W. 961.

NUESSLE, J. The defendant was convicted for "selling intoxicating liquor, to wit: moonshine whisky." He appeals from the judgment of conviction. He assigns some forty-three specifications of error. Nearly all of these are directed against rulings on questions of evidence. His main reliance, however, is on the insufficiency of the evidence to sustain the judgment of conviction.

The chief witnesses for the state, Eckness, Lemieux, Leist, and Bot, were young men who worked as farm hands in Ransom county. One night they set out to drive to a country dance. On the way Eckness and the driver of the car left the other two on the roadside in a coulee while they drove up to the defendant's farm home. Defendant was at home. He asked Eckness what he wanted and Eckness said "a quart." Eckness and the defendant then went to the barn. Defendant went inside, came out, and handed Eckness a quart fruit jar containing some liquid. Eckness paid the defendant $5 and departed with his companion. They picked up the other two men in the coulee and went on to the dance. On the way Eckness and the others drank of the liquor in the jar. Eckness says that it was moonshine whisky. At the dance some of them appeared tipsy and certain peace officers who were there policing the dance arrested them and seized the jar which was in the automobile. They were all put in jail. They agreed to tell where they bought the liquor in the jar and were released. They told, and, as a consequence, the defendant was arrested and held for trial. The case was tried to a jury twice. On the first trial the jury disagreed. On the second trial the jury found the defendant guilty as charged in the information.

The defendant's chief complaint on this appeal is that the evidence

is insufficient to sustain the verdict. He contends that there was no sufficient evidence to establish a sale of intoxicating liquor as charged in the information. Eckness testified that he drank some of the liquor; that he felt an intoxicating effect from it; that he had drunk whisky and alcohol before and knew the taste thereof, and that the liquor that he bought from the defendant was moonshine whisky. The defendant contends that there was no foundation for this testimony, that Eckness' statement that the liquor was moonshine whisky was merely a conclusion; that, in any event, his and the other witnesses' credibility was so impeached and their testimony so uncertain as to render it wholly without value.

In the first place we think that under the charge as laid in the information, proof that the defendant sold intoxicating liquor would have been sufficient without establishing that it was in fact moonshine whisky. State v. Guyer, 47 N. D. 479, 182 N. W. 693; State v. Cook, 53 N. D. 756, 208 N. W. 556. But there is evidence tending to prove not only that the defendant sold intoxicating liquor but also that it was the particular sort charged—moonshine whisky. Eckness testified that he was somewhat familiar with alcoholic liquor; that he knew whisky and alcohol and was familiar with the taste and effect of the same. While his statement that the liquor in question was moonshine whisky was in a way a conclusion, it was no more so than would have been any statement of anyone who testified as to a fact, knowledge of which he had acquired through the use of his senses. Doubtless a chemical analysis of the liquor would have furnished more satisfactory proof as to what it was than Eckness' statement. But the question as to the weight and credibility of the testimony of Eckness and the other witnesses was for the jury. While this testimony was in some respects impeached and was more or less contradictory, yet the jury apparently were content to give credence to it and we cannot now say that they were not justified in doing so. See State v. Fahn, 53 N. D. 203, 205 N. W. 67. On the record we cannot do otherwise than hold that the evidence is sufficient to sustain the verdict.

The most important of the questions raised touching rulings of the trial court on evidentiary matters relates to the admissibility of the testimony of Bot given on the former trial. The state established that it had procured the issuance of a subpoena for Bot and had given the

same to the sheriff for service upon him; that the sheriff was unable to find Bot and make service upon him within the state, and that in fact Bot was absent from the state. The state then offered Bot's testimony taken at the former trial. This was objected to by the defendant on the ground that it was inadmissible and that no proper foundation had been laid therefor. The objection was overruled and the evidence was received. Under the circumstances disclosed we think there can be no question but that the trial court ruled correctly in admitting the testimony. The parties were the same and the issues identical with those on the first trial. "On the second trial of a cause, where the parties are the same and the issues identical with those on the first trial, testimony of witnesses taken on the first trial is admissible when such witnesses are inaccessible and their attendance cannot be procured." Leach v. Nelson, 50 N. D. 538, 196 N. W. 755; State v. McCarty, 49 N. D. 912, 194 N. W. 335; Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23; State v. Moeller, 24 N. D. 165, 138 N. W. 981.

While other questions touching the admission or rejection of evidence were raised, an examination of the same convinces us that they have so little merit that they do not justify our taking the space to consider them in detail. They refer in the main to the arrest of the four state's witnesses at the dance, their condition of intoxication, and what was said and done by the officers. These matters were relevant as tending to establish that the liquor which Eckness claimed to have purchased from the defendant was intoxicating.

The judgment of conviction must be and is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.