[File No. Cr. 175.]

STATE OF NORTH DAKOTA, Respondent, v. M. W. DIMMICK, Appellant.

(296 N. W. 146.)

Opinion filed January 25, 1941.

*Francis Murphy,* for appellant.

*Alvin C. Strutz,* Attorney General, *Ralph F. Croal,* State's Attorney, and *Roy K. Redetzke,* Assistant State's Attorney, for respondent.

BURR, Ch. J. The defendant was convicted of the crime of abortion, and from the judgment entered he appeals.

As specifications of error, appellant states the trial court erred in receiving in evidence an instrument known as Exhibit A, and also in denying defendant's motions for directed verdict made at the close of the state's case and at the close of the entire case; that the court erred in the instructions with reference to this Exhibit A and the essential corroboration of an accomplice; and that the evidence is "wholly insufficient to justify a verdict beyond a reasonable doubt of the guilt of the defendant" in "that the evidence wholly fails to show, either directly or by reasonable circumstance, that the defendant is guilty of the crime of abortion."

The information charges that the crime was committed by prescribing for and advising and procuring the complaining witness "to take medicines, drugs, and substances," and that the defendant used and employed certain surgical instruments upon the body of the complaining witness.

At the trial defendant demanded that the state "elect whether to proceed upon the theory of procuring a miscarriage by the use of medicines, drugs, and substances, or by the use of surgical instruments." The court required an election, and the state decided "to stand upon the allegation of the information that the defendant did use and employ certain surgical instruments," etc.

On argument in this court, the state suggests it was error to require an election, but that matter is not before us. Hence we do not pass upon whether the trial court erred in this respect.

However, the elimination of the charge of the commission of the crime by means of the use of "medicines, drugs, and substances" is made the basis of the objection to Exhibit A. Exhibit A is a prescription given by the defendant to the complaining witness. She had testified to certain treatment defendant had given her, the resulting pain, and the giving of this prescription with directions as to where it could be filled and how the medicine was to be taken to relieve the pain. The court, in its instructions to the jury, cautioned against finding the defendant guilty of having "prescribed medicine or offered suggestions with respect thereto, or having written this exhibit," and limited the consideration of the exhibit to the issue that was involved—Did the

defendant employ instruments upon the person of this complaining witness and thus cause an abortion? The woman testified he did, that she vomited, bled, and suffered pain, and that defendant prescribed something to alleviate the pain. The defense was defendant treated her for a cold. If the prescription given was calculated to contract muscles, stop bleeding, assuage pain, the evidence would be pertinent to the claim of the state that the treatment accorded caused bleeding and pain. There was no error in receiving the exhibit and in limiting it to this feature of the case. It had a tendency to corroborate complaining witness in her testimony that the treatment she received caused vomiting, pain, bleeding, etc. No error can be predicated upon the admission of competent evidence bearing directly on an issue of fact involved in the case. Guild v. More, 32 N. D. 432, 155 N. W. 44.

Defendant takes exceptions to two portions of the charge dealing with the use of the exhibit. It is claimed that the instructions tended to confuse the issue and to authorize "the consideration of Exhibit A by the jury." With the limitations that were set, and in view of the evidence in regard to the purpose for which the prescription was given, there was no error of the court in this respect.

No error can be predicated upon the refusal of the court to direct a verdict for the defendant at the close of the state's case or at the close of the entire case. Section 10,854, N. D. Compiled Laws 1913, permits the court, in its judgment, to "advise the jury to acquit the defendant." However, this is mere advice, for this section provides: "But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict."

Interpretation of this section has been before us several times and is fully and thoroughly discussed in State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795, wherein we show that "error cannot be predicated upon the refusal of the court at the close of the state's case to advise an acquittal as the jury is not bound by such advice, and the court cannot, on such application, say, as a matter of law, that the evidence is insufficient to support a conviction, nor prevent the jury from giving a verdict, but such question may be disposed of by the court on motion for new trial in case of conviction."

The defendant sets forth two excerpts from the instructions rela-

tive to an accomplice and the extent of corroboration necessary for the consideration of the testimony of the accomplice. Appellant urges that there are two sections of the Compiled Laws applicable here— §§ 10,841 and 10,843. He urges that the instructions tended to "confuse two independent statutes and does not properly describe the requisites of corroboration." Just in what respect the instructions fail to properly explain the requisites of corroboration is not pointed out. Section 10,841 provides: "A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

In addition, we have § 10,843 providing: "Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing, or taking away an unmarried female of previous chaste character, under the age of twenty years for the purpose of prostitution, or aiding or assisting therein, or for having, under promise of marriage, seduced and had illicit connection with an unmarried female, under twenty years of age, of previous chaste character, the defendant cannot be convicted upon the testimony of the person injured unless she is corroborated by other evidence."

Section 10,841 is a general statute applying to an accomplice in every crime, and prevents a conviction until the corroboration tends to connect *the defendant* with the commission of the offense, etc. Section 10,843 provides that in the crimes mentioned therein the testimony of the person injured is not in itself alone sufficient for conviction. In all of the crimes specified, the woman is not necessarily an accomplice; nevertheless, conviction cannot be had solely upon her testimony. It is not necessary to determine whether the degree of corroboration required by § 10,843 is greater than that required in § 10,841. As hereinafter shown, the statutory requirements of corroboration were fully met in this case.

The excerpts from the charge do not sustain the specification that the court erred in charging on corroboration of an accomplice. The court practically charged that the complaining witness was an ac-

complice and that the defendant could not be convicted upon her testimony alone; that it was necessary to have independent testimony tending to connect him with the commission of the offense; and that such testimony must go farther than to show merely an offense had been committed. The court charged that the complaining witness could not corroborate herself; that "There must be independent testimony. But such independent corroborating testimony may come from any source—from the defendant himself, if there is such; or any other testimony in the case, if there is any."

The court further charged that if there was this "independent testimony that in material respects support her statement that the crime was committed, then you would have a right to accept her testimony upon the same basis and upon the same footing that you would any other witness's testimony."

This alone would not be sufficient, for a crime could be committed and the defendant not be connected with it. The trial court charged on this matter, quoting the statute which provides that the corroboration must "connect the defendant with the commission of the offense," and nothing has been pointed out showing that the court misdirected the jury as to an accomplice or as to the necessary corroboration and its extent. The court fully protected the defendant, even to the extent of charging that such corroborative testimony "must be of a sufficient weight to show to the jury that the crime was committed," and gave also the usual instructions with reference to reasonable doubt and the necessity for the state showing the guilt of the defendant beyond a reasonable doubt, and in case of any such reasonable doubt, the defendant should be acquitted. No error in the instructions has been shown.

With reference to the specification of the insufficiency of the evidence, it is not necessary to set forth the testimony in detail. The complaining witness testified that she went to the office of the defendant for the purpose of having him perform an abortion. The defendant admits she came. He admits he examined her for the purpose of ascertaining whether she was pregnant. He describes what he did in the method of treatment; he admits giving her a prescription, but claims that he was treating her for a cold and for headache. His testimony agrees with that of the complaining witness in very many material

respects. It is clear from the testimony of the defendant that the treatment which he gave to her in the examination of her body and what he did with reference thereto could not have been merely for treating a cold. He was not a regular physician. He is known as one engaged in the practice of physiotherapy, which he defines as "the use of applied force through heat, steam baths, infra-red rays and ultra-violet rays, diathermic treatment, and massage, of course."

The defendant says he treated her for a cold, but he admits she told him she was pregnant and that he examined her for the purpose of ascertaining this. He admits he ordered her to disrobe partially. She says he ordered her to take everything off except her shoes. There is no denial but what she was practically nude. He admits he made a spectral examination of her; he describes the condition he found, the instruments he inserted, and the method of treatment. He denies causing the abortion; but the testimony from the doctor who treated the complaining witness almost immediately afterwards showed that an abortion had been performed, though it took some time to be completed. This doctor testified as to what would happen as the result of the insertion of the instruments in the manner detailed, and it was shown quite clearly that the immediate reaction of the patient in the way of vomiting, bleeding, and pain were the natural, normal results of the treatment which the complaining witness said she received and which the doctors said in all probability caused the abortion.

There is more than sufficient corroboration to satisfy the provisions of both §§ 10,841 and 10,843, if believed by the jury, even if these sections differ in the extent of corroboration required. The jury found the defendant guilty. The evidence of guilt is ample, and, therefore, the judgment is affirmed.

Morris, Burke, Nuessle, and Christianson, JJ., concur.