STATE of North Dakota, Plaintiff and
Respondent,

v.

Frederick DIETZ, Defendant and Appellant.

No. Cr. 298.

Supreme Court of North Dakota.

May 5, 1962.

2

Greenwood & Swanson, Dickinson, for defendant and appellant.

Leslie R. Burgum, Atty. Gen., Bismarck, and George T. Dynes, State's Atty., Dickinson, for plaintiff and respondent.

TEIGEN, Judge.

The defendant was convicted of the crime of indecent liberties and sentenced to an indeterminate term at the state penitentiary of not less than one year nor more than three years. He has appealed from the final judgment of conviction. A certificate of probable cause was granted by the trial judge, bail was furnished and the defendant discharged from custody.

The defendant alleges errors in the rulings of the trial court and also alleges insufficiency of the evidence to sustain the verdict.

The victim and the defendant both testified. The facts necessary to an understanding of the question presented on the appeal may be stated substantially as follows: The crime is alleged to have been committed on May 29, 1960, in the county of Stark in this State. It is alleged the defendant did take indecent liberties with and on the person of Tanya Stong, who was seven years of age. At the time the defendant was over forty years of age, he had never married. Defendant had no previous convictions of sex crimes but had been convicted a couple of times of drunken driving. He was living with his widowed mother and a twenty-two year old sister, and was employed as a mechanic in a garage.

At the time of the trial, the prosecuting witness was eight years of age and in the third grade. She was living with her parents and her brothers at Minot, North Dakota. She was the oldest child. The Stongs, on the day of the alleged crime, were visiting with friends at Dickinson, North Dakota. The undisputed evidence shows that on Sunday the 29th day of May, 1960, the victim, her two younger brothers and three daughters of the Fisher family, with whom they were visiting, had gone out to play and were in an uninhabited area near the water tower in Dickinson. It was a bright sunny day and warm. The children were lightly clad. In the area of the water tower was a pond of water around which they were playing. The defendant, while riding in his automobile, saw the children playing and stopped to watch them. The victim and one other child of the group testified that the defendant came out of his car and walked over to where they were playing, that he sat down on the bank near the water hole, that the victim sat beside him and that he then took the indecent liberties complained of. Later the defendant drove the victim and her younger brother to the Fisher home. The other children had walked back to the home. The victim testified the defendant put his hand between the peddle pushers she was wearing and her body, entering in the front and at the waist. He pushed his hand down between her legs and played with her private parts. In this testimony the victim was corroborated by her friend, the Fisher girl, who was present. She testified she saw the defendant place his hand inside the victim's panties and he also had put his hand inside her clothing, that he took them by turns. There was no objection to the testimony that defendant

**4**

also took indecent liberties with this witness.

Sometime after the children had returned to the Fisher home, the victim complained of pain when she went to the bathroom. The complaint brought about an examination and a discovery of blood. Arrangements were made for an examination of the girl by a doctor. Such examination was made within two or three hours of the alleged act. The doctor testified he examined the victim, Tanya Stong, with particular attention given to the genitalia. He testified he found the hymenal ring intact with a small ecchymosis, which he explained as a black and blue mark caused by rupture of the small blood vessels and due to the blood leaking out of the blood vessels. The ecchymosis was of the lavia minora. He testified he found a small amount of active bleeding and his examination indicated recent injury. In his opinion, the injury could have occurred from the manipulation of the parts with a finger.

The defendant testified that on the day in question, he had been riding around in his automobile and came to the place where he saw the children playing near a mudhole. The water looked pretty deep and pretty dangerous and he thought he would watch them for awhile. He testified that one of the children came to talk with him. It was Tanya Stong. He did not recall the conversation. He testified that he brushed the mud off of the victim's clothing, that she sat along side of him and that he drove her home. On cross-examination he admitted that he may have told the chief of police that the victim had sat on his lap and then explained it was error, that she had not sat on his lap but had sat for a few minutes on his knee. The defendant denied that he had taken indecent liberties with Tanya.

Appellant contends that the court erred in allowing the witness Tanya Stong, age eight years, and the witness Dyann Fisher, also of the age of eight years, to testify at the trial because the court failed in its duty to sufficiently examine the children to determine competency before permitting them to testify.

Both girls testified at length on direct and cross-examination at the trial. The court examined each of them before they were permitted to testify. It determined competency over the objection of defendant's counsel. The court's examination of the witness Tanya Stong took place after she had been sworn but before she was permitted to testify and counsel alleges this as error. He has, however, failed to cite any law in support of his argument and we have been unable to find any. Counsel does cite the case of State v. King, 117 Iowa 484, 91 N.W. 768; however, an examination of that case does not support an argument that it was reversible error to fail to examine a person of immature years before administering the oath. The Iowa Court held that there was no presumption prevailing in favor of the competency of one under fourteen years of age. The Iowa Court found, upon examination of the court's interrogation of the witness, that it was not established that the witness possessed the requisite capacity to testify and "that fact should have been developed before receiving her testimony."

The Iowa Court in a later case, State v. Yates, 181 Iowa 539, 164 N.W. 798, seems to have qualified the position which it took in the case of State v. King, supra, when it said:

"There is no age limit placed in the statute. Competency is, therefore, a fact to be determined at the time the child is offered as a witness, and the test is whether the child has sufficient capacity, in fact, to understand the obligation of an oath at the time he is offered."

In the above case the court held that a boy seven years old was competent as a witness for the State.

The trial judge in this case examined each of the children before he per-

mitted them to testify. Although the court's examination was brief, we feel that it, together with an analysis of the manner in which the two children testified upon direct examination and cross-examination in the trial, amply demonstrates that the testimony of each of them was responsive and coherent. It demonstrates that each was intelligent enough to receive impressions, and capable of intelligently relating facts.

On the voir dire examination by the court, each child stated she understood the difference between right and wrong, understood what it meant to tell the truth and what it meant to tell a lie. Upon administration of the oath, each promised to tell the truth. We have held in two prior cases that there is no precise age which determines the question of the competency of a child as a witness; that it depends on the intelligence and capacity of the child, his appreciation of the difference between truth and falsehood and his duty to tell the former. See State v. Oliver (N.D.), 49 N.W.2d 564 and State v. Werner, 16 N.D. 82, 112 N.W. 60. In the first case cited, we held a child six and one-half years old, the victim of the crime of rape, was competent to testify as a witness. In the second case a child eight years of age, the victim of the crime of rape, was also held to be competent as a witness.

The court also charged the jury in instructions pertaining to the credibility of the testimony of the prosecuting witness, the correctness of which is not questioned, as follows:

"It is not essential to a conviction in this case that the testimony of the child who is the prosecuting witness be corroborated by other evidence, provided that from all of the evidence you are convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt. However, a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the child and the person accused usually are the only witnesses. Therefore I charge you that the law requires that you examine the testimony of the child who is the prosecuting witness with caution. In determining the credibility of such testimony you make take into consideration the probability of such testimony, whether the children testifying tell a straight story or contradict themselves, whether their testimony is corroborated or otherwise, whether their testimony is consistent with physical facts as shown by the evidence, whether such witnesses appear to have been coached or otherwise, whether their testimony shows a knowledge of things and the use of words beyond the knowledge of children of such tender years, and from these, together with all the other rules laid down in these instructions for your guidance, determine the weight, if any, you will give such testimony.

"In giving this instruction I do not mean to imply an opinion of my own as to the credibility of any witness."

The instruction which we have set forth above was doubtless given through an abundance of caution to insure that in reaching their verdict the jury would consider the credibility of the child prosecuting witness.

"It is a general rule applicable to all witnesses, including children, that it is the province of the court to determine as a matter of law the competency of a witness to testify." State v. Oliver, supra. See also 53 Am.Jur., Trial, Sec. 181.

After a witness has been held competent, the question of the credibility and reliability of the witness and the weight which should be given to his testimony are matters for consideration and determina-

tion of the jury. State v. Oliver, supra; 53 Am.Jur., Trial, Sec. 181; 23A C.J.S. Criminal Law § 1138.

█ After a review of the record made in the case, we are agreed that the court, although very brief in his examination, did not commit reversible error in holding that Tanya Stong and Dyann Fisher were competent witnesses. The decision of the trial court as to the competency of a witness as affected by tender age will not be reversed by the appellate court unless it is clearly erroneous. State v. Oliver, supra; 24A C.J.S. Criminal Law § 1869.

The appellant's next assignment of error is stated as follows:

"The court erred in allowing the witness LeRoy Baird to testify as to statements made by the witness Tanya Stong at the preliminary hearing over the objection of counsel for the defense."

LeRoy Baird was called as a witness by the State. He was the justice of the peace who sat at the preliminary hearing in this case held on June 10, 1960, twelve days after the commission of the offense charged. A court reporter's transcript of the evidence taken at the preliminary hearing was marked as an exhibit and identified by the witness. The State then offered it in evidence but the defense objected as follows:

"Our objection is on the ground and for the reason that at the time of this testimony there is no showing of the competency of this child to give this testimony at that time, no showing that it would be offered as evidence now. It is incompetent and improper."

The State withdrew the offer and established, by this witness, that the prosecuting witness Tanya Stong testified at the preliminary hearing that the defendant was present and represented by counsel. The state's attorney then read a question and answer from the testimony of the witness Tanya Stong. The defense interposed the objection upon which this specification of error is premised. It is stated as follows:

"I object. Counsel is reading the testimony, putting it into evidence, asking the witness if he remembers it. This is prejudicial. There is no showing that at the time the testimony was given that she was competent to testify. There was no ruling by this court on the competency of the testimony given at that time. It is incompetent and improper."

The court overruled the objection but granted a standing objection to similar questions and the State proceeded with its examination. The state's attorney read from the transcript several questions and answers and in each instance asked the witness if he recalled the question and the answer, to which he replied in the affirmative. Only a portion of the testimony of the witness Tanya Stong adduced at the preliminary hearing was covered in this manner. It had to do with her feelings while the defendant was in the process of committing the alleged offense. She had testified, according to this evidence, at the preliminary hearing that it hurt.

█ The State argues in this court that the evidence was admissible to corroborate and rehabilitate the witness because the defense, on cross-examination, had succeeded in having her contradict her direct testimony on this point. Pain, however, is not an element of the crime of taking indecent liberties with a child. The subject matter of the evidence in question is not an element of the crime charged. The incident could only reflect on the credibility of the witness and surely the witness's credibility is not restored by showing she had said one thing twice and the other once. A search of the records reveals that the State did not advance this reason for the admissibility of the evidence at the trial. It is argued here for

the first time. We think the court did not consider the evidence admissible for the reasons stated by the State on this appeal.

■ It is elementary that the testimony of a witness at the preliminary hearing is not ordinarily admissible to corroborate or bolster the testimony of that witness at the trial. To properly admit such evidence, there must be some adequate justification and proper predication therefor or it may be done on agreement of counsel. 23 C.J.S. Criminal Law § 892; 98 C.J.S. Witnesses § 648; 15 A.L.R. 495; 79 A.L.R. 1392; 122 A.L.R. 425; 159 A.L.R. 1240; Wigmore on Evidence, 3rd Ed., Sec. 1415, P. 191; Dolen v. State, 151 Neb. 76, 36 N.W.2d 566; Bush v. State, 19 Ala.App. 650, 100 So. 307, cert. den. 211 Ala. 2, 100 So. 314; State v. McCarty, 49 N.D. 912, 194 N.W. 335; Leach v. Nelson, 50 N.D. 538, 196 N.W. 755; State v. Husemoen, 55 N.D. 842, 215 N.W. 536; Felton v. Midland Continental R. R., 32 N.D. 223, 155 N.W. 23.

■ This is an appeal from the judgment only. It brings to this court for review errors of law committed by the trial court and appearing in the record of the action which have been preserved and presented in the manner prescribed by statute. State v. McClelland, 72 N.D. 665, 10 N.W.2d 798. The objection made to the evidence merely went to the competency of the witness whose testimony was read. The objection was specific. It did not refer to the admissibility of the testimony at the trial, except upon the limited ground of competency of the witness whose testimony was read from the transcript. There was no objection to the competency of the evidence and counsel makes this clear in his argument to this court. In his brief he states:

"There was no showing that there had been any determination of the competency of Tanya Stong prior to the making of such statements. There was no determination at the time of the police court hearing as to the

witness's competency. If this evidence were to be properly admitted the trial court should have passed on the competency of the witness at the time of her original statements."

■ He admits in his argument that the evidence would be admissible had there been a determination of the competency of the witness to testify, or if the trial court had passed on the competency of the witness at the time she testified in the magistrate's court. He invited a ruling on the basis of the specific objection which was untenable and the error, if any, was invited. A rule of evidence not invoked is ordinarily waived. State v. Leehman, 2 S.D. 171, 49 N.W. 3; Williams v. St. Louis Public Service Co., 363 Mo. 625, 253 S.W.2d 97; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212; Spencer v. Burns, 413 Ill. 240, 108 N.E.2d 413; 88 C.J.S. Trial § 125(b); Wharton's Criminal Law and Procedure, Sec. 2047.

Counsel for the defense in his brief further reiterates his position in the following language:

"It is the position of the defense in this case that whether or not Tanya Stong was competent to testify there was never any determination of said competency and it was improper for the court to allow the testimony given by her at the time of the trial and also at the time of the preliminary hearing, therefore the testimony of Tanya Stong should not have been considered by the jury and the defense should have been granted a motion for directed verdict at the end of the State's case or when renewed at the end of the trial."

It is clear the trial court understood the objection in this light. It is consistent with the tenor of the defense throughout the entire trial.

It is certainly not too much to require of an objector that he should know the

8

reason why he objects and that, if he knows the reason, he should enlighten the court upon the subject. Seckerson v. Sinclair, 24 N.D. 625, 140 N.W. 239.

 When an objection is clouded in meaning, it will be construed agreeably to the ruling thereon by the trial court when it is not unreasonable. 24 C.J.S. Criminal Law § 1677, N. 52; Murray v. State, 198 Ind. 389, 153 N.E. 773.

 Where specific grounds are stated in an objection, the implication is that there are no others or, if there are others, that they are waived. 88 C.J.S. Trial § 125(b); Wharton's Criminal Law and Procedure, Sec. 2047; Heyverests v. State, 202 Ind. 359, 174 N.E. 710; Petrie v. Wyman, 35 N.D. 126, 159 N.W. 616.

 A specific objection overruled will be effective to the extent of the grounds specified and no further. 88 C.J.S. Trial § 125(b) and 126; Bancroft's Code Practice and Remedies, Sec. 1368; Wigmore on Evidence, 3rd Ed., Sec. 18(2), P. 339, and cases cited.

 We do not feel the court committed reversible error. When the record and the evidence in this case are considered as a whole, it does not appear that there was a miscarriage of justice and it is difficult to see how the jury could have returned any other verdict than that which they did return. We must give judgment without regard to technical errors, defects or exceptions which do not affect the substantial right of the parties. Section 29–28–26, NDCC; State v. Pusch, 77 N.D. 860, 46 N.W.2d 508.

 Error is also assigned upon denial of defendant's motion for a directed verdict. In this State a trial court is without authority to direct a verdict in a criminal action; therefore, this is not error. State v. Pusch, supra; State v. Dimmick, 70 N.D. 463, 296 N.W. 146.

We come now to the final specification that the evidence is insufficient to support a verdict of guilt. This specification is also premised on the proposition that the prosecuting witness Tanya Stong was not competent as a witness because of her tender years, that her competency was not properly determined by the court, and that by eliminating her testimony all of the remaining evidence was circumstantial. We have held in this opinion that the prosecuting witness was competent to testify and we are all agreed, after having reviewed the entire record, that the direct testimony of the prosecuting witness substantiated by the corroborating evidence, both direct and circumstantial, are amply sufficient to sustain the verdict.

The judgment is affirmed.

SATHRE, C. J., and STRUTZ, MORRIS and BURKE, JJ., concur.